INHABITANTS OF WEST BOYLSTON *vs.* SAMUEL F. MASON.

The neglect of a town to remove a pile of earth from a highway does not so put it *in pari delicto* with the party who placed the pile there as to prevent its recovering from him the amount of damages which it has been compelled to pay one who was injured in an accident caused by the obstruction.

TORT to recover the amount of a judgment obtained by Luther Whittaker in an action against the plaintiffs for injuries caused to him on June 7, 1865, by a defect in a highway which the plaintiffs were bound to keep in repair.  See 97 Mass. 273.

At the trial in the superior court, before *Devens*, J., the plaintiffs contended that the defect for which they were held liable in the action by Whittaker was a pile of dirt placed in the highway by the defendant; and it appeared that the defendant had notice from the plaintiffs to appear and defend that action. There was evidence tending to show that this dirt was thrown along the side of and into the highway by the defendant in 1862; " that some portions of the pile were travelled over by the public up to the time of the accident to Whittaker, with the knowledge of the plaintiffs, and worn down and carried into the highway by such use; that in 1864 one of the selectmen of the town notified the defendant to remove the dirt, as a complaint had already been made about it; that the same year the highway surveyor for the district used some portions of the pile for the purpose of repairing the highway, and cut a sluice in the highway and through the pile at or near where the accident occurred; and that the surveyor for the year 1865, before the accident, repaired the way along and over said portions of the pile and at the point of the accident."

The judge instructed the jury that, to recover, the plaintiffs must satisfy them that it was upon this defect solely that the former verdict was rendered, and that the pile was placed in the road by the defendant or his procurement; and further instructed them as follows :

" If the form of this pile has been changed by the plaintiffs so as to render the same more dangerous than it would otherwise

*o*

have been, or so as to contribute to the accident, either by the changes they have actually made in it, or the forces of nature they have set at work upon it, so that the jury cannot say but that the defect was partially caused by the pile itself and partly by the changes made in it by the interference of the plaintiffs with it, and that the former jury may have so found, then the plaintiffs cannot recover. On the other hand, the fact that the plaintiffs have intermeddled with this pile so far as to remove certain portions of the earth will not prevent their recovery, if they have not in any way added to the defect; they must satisfy the jury that they have not changed it so as to render it more dangerous, or so as to contribute in any way to the accident. The jury must be satisfied that the former jury found the plaintiffs responsible on account of the defendant's act solely. The fact that the pile of earth thrown out in 1862 has been left there since with the knowledge of the public and the town officers does not make such neglect as would prevent the plaintiffs' recovery."

The defendant then requested the judge to instruct the jury that " if the pile of dirt was thrown out in 1862 and remained in the road and was used and occupied by the public as a part of the travelled way, with the knowledge of any agent of the plaintiffs, (and the selectmen and highway surveyors are their agents,) up to the time of the injury, it was such negligence on the part of the plaintiffs that they could not recover; and that the plaintiffs were joint wrongdoers, if they allowed the obstruction to remain in the highway before the accident for the space of two years, and could not recover." These instructions the judge declined to give.

The defendants also requested the judge to instruct the jury that, " if the selectmen or any highway surveyor for the district in which the accident happened, or any one in their employ, made any change of the dirt at the point of accident, however slight, before the accident, it was such an act as would make the plaintiffs one of two joint wrongdoers, and they could not have either indemnity or contribution." This instruction also the judge declined to give, but restated the instruction already given on this point. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*W. A. Williams*, for the defendant.

*H. Williams*, (*P. E. Aldrich* with him,) for the plaintiffs.

Colt, J.  In addition to those points which were conclusively settled by the verdict against the plaintiff town, the jury must have found, under the instructions of the judge, that the injury to Whittaker, the plaintiff in the original suit, was solely caused by a defect in the highway occasioned by an obstruction placed there by the defendant or by his procurement; that the original defect had not been rendered more dangerous by the act of the plaintiffs; and that they had not contributed by their acts to the accident.  This was enough to entitle the plaintiffs to a verdict. It is too late to claim that the parties were *in pari delicto.* The only fault in the town was the failure to remedy a nuisance which the defendant had created.  *Lowell* v *Boston & Lowell Railroad Co.* 23 Pick. 24.  *Lowell* v. *Short,* 4 Cush. 275.  *Swansey* v. *Chace,* 16 Gray, 303.  *Milford* v. *Holbrook,* 9 Allen, 17.

*Exceptions overruled.*