## INHABITANTS OF WOBURN *vs.* BOSTON AND LOWELL RAILROAD CORPORATION.

For the purpose of enabling a third person to move a building across a place where a railroad crossed a highway at grade, the railroad corporation took down a post, and thereby made a hole within its location in the highway, into which a traveller fell and was injured several days after the building was moved. *Held*, that the railroad corporation was responsible to the town for damages recovered against the town by the traveller in an action on the Gen. Sts. *c.* 44, § 22.

TORT to recover the amount of a judgment obtained by Samuel O. Pollard in an action on the Gen. Sts. *c.* 44, § 22, against

the plaintiffs, for personal injuries suffered by him on May 28, 1867, through a defect in Green Street, a highway in Woburn. See 104 Mass. 84. Trial in this court, before *Ames*, J., who made a report thereof, of which the following is the substance

It was proved or admitted that the defendants had due notice from the plaintiffs to appear and assume the defence of Pollard's action; that the plaintiffs had been required to pay, and had paid and satisfied accordingly, the judgment recovered by him therein; that the accident which befell Pollard occurred at a place on Green Street, within the location of the defendants' branch railroad, where it crossed the street at grade; that a contractor for moving a meeting-house obtained from the chairman of the selectmen of Woburn (who gave it without consultation with his associates) a permit to move the building through Green Street, which specified that "all due caution shall be used to prevent harm or injury to the public travel," and "the owner of the building shall be held responsible for all injury done by such removal to public travel or public property, whether on the road or the sidewalk;" that, in order to allow the passage of the building over that part of the street included within the defendants' location, it became necessary to take down one of the posts which there supported the defendants' sign of "Look out for the Engine," and the contractor applied to the defendants' local agent at Woburn to do so; that the local agent communicated with the general superintendent of the defendants' railroad, who ordered their carpenter to go to Woburn and take down the post; that the carpenter took the post down "by digging around it and leaning it over so that it rested upon the fence by the side of the sidewalk, the foot of the post still remaining in the ground, leaving a large hole about the post, next to the travelled part of the road, which hole was the defect by which Pollard was injured;" that the building was moved in three sections, and some three weeks were occupied in moving it; and that the accident occurred several days afterwards.

A verdict for $20,938.17 was taken for the plaintiffs by agreement; to be set aside if in the opinion of the full court they were not entitled to recover on these facts; otherwise, judgment to be rendered thereon.

Woburn *v.* Boston and Lowell Railroad Corporation.

*J. G. Abbott,* for the defendants.

*T. H. Sweetser & W. S. Gardner,* for the plaintiffs.

AMES, J. The question presented upon this report has been disposed of by numerous decisions. *Lowell* v. *Boston & Lowell Railroad Co.* 23 Pick. 24. *Lowell* v. *Short,* 4 Cush. 275. *Boston* v. *Worthington,* 10 Gray, 496. *Milford* v. *Holbrook,* 9 Allen, 17. *Woburn* v. *Henshaw,* 101 Mass. 193. *West Boylston* v. *Mason,* 102 Mass. 341. The existence of a certain state of facts, pointed out by the statute, is proof of constructive neglect on the part of the town. If those facts existed, the liability of the town is not at all affected by the question of its actual diligence or negligence. *Billings* v. *Worcester,* 102 Mass. 329. The case finds, that the defendants had taken into their own hands the business of removing the post, in order to widen the space for the passage of the building ; that in so doing they had made the excavation, which was the cause of the accident ; and that they had neglected for a number of days, after the building had passed, to replace things in their former condition. The plaintiff had a right to suppose that, as the defendant corporation was dealing with its own property, it would replace the post and fill up the excavation. Under such circumstances, the parties cannot be said to be *in pari delicto.* It is true that the plaintiffs thereby became liable to the party who suffered injury in consequence of this neglect ; but they were under no obligation to shield the defendants from the consequence of their own omissions. The decisions in *Swansey* v. *Chace,* 16 Gray, 303, and other cases above cited, fully sustain the position that the party which placed the obstruction in the highway cannot resist the claim of the town to indemnity for damages paid, on the ground that the neglect of the town to remove the obstruction contributed to the injury.

*Judgment on the verdict for the plaintiffs.*