JOHN C. GRAY *vs.* BOSTON GAS LIGHT COMPANY.

The owner of a building to the chimney of which a gas company has, without the owner's consent, so affixed a wire as to render the chimney unsafe, and ultimately to cause its fall upon a passer-by, may be liable for the damage so caused; and if, when so liable, he pays the damage, he has an action against the company for indemnity.

TORT. The first count of the declaration was as follows: "And the plaintiff says that the defendant forcibly entered a certain parcel of land of the plaintiff with a building thereon, [describing it,] and placed and fastened a telegraph wire upon a certain chimney of said building, and continued the said wire so placed and fastened for a long time, by means whereof the said chimney was pulled and thrown down and broken to pieces, and the roof of said building was broken and injured. And the

plaintiff says that Josiah W. Brown and Harrison Chick were then owners of a certain horse, harness and wagon, which they were then driving along said Summer Street, and by reason of the premises certain parts of said chimney so pulled and thrown down as aforesaid fell upon said horse, harness and wagon, and hurt and injured the same, so that the said horse afterwards died of said injuries; and thereupon the said Brown and Chick brought an action of tort in this court against the plaintiff for the recovery of damages for the injuries so sustained by them, of all which the defendant afterwards had notice and was requested by the plaintiff to defend said action, which the defendant neglected and refused to do. And the plaintiff, by reason of the premises, was obliged to pay, and did pay to said Brown and Chick to satisfy them for their said damages and to settle and compromise said action, the sum of three hundred and thirty-five dollars, and necessarily incurred divers other expenses, costs and charges in and about said settlement and the making thereof."

There was a second count, alleging that the defendant corporation "placed and fastened" upon the chimney "a telegraph wire, and continued the same wire so placed and fastened for a long time, and the defendant so negligently and improperly conducted itself in and about the placing, fastening and continuing of the said wire," "that by reason of the negligence and improper conduct of the defendant in that behalf," the chimney was thrown down, &c., as in the first count.

At the trial in the Superior Court, before *Putnam*, J., it appeared that the plaintiff owned a building on the corner of Summer and Washington streets, in Boston; that the defendant corporation, without his permission, placed a telegraph wire on the chimney of the building, and that December 5, 1871, the chimney was either blown down, or pulled down by the wire, in a heavy gale of wind; that when the chimney fell, it caused some damage to the roof of the building, and injured a horse and a wagon, belonging to Brown and Chick, which were then being driven along Summer Street; that Brown and Chick thereupon made a claim on the plaintiff, and subsequently brought a suit against him for the injury to the horse and the wagon; but that

before the entry of the action a settlement was made by the parties ; that the plaintiff, before making the settlement, gave written notice of the suit to the defendant, in which he alleged that the damage was caused by the defendant's wire pulling over the chimney, and stated that he should look to the defendant for indemnity, and requested the corporation to defend the suit; that the defendant in answer declined to defend the suit, or to advise as to its settlement; that the plaintiff then made the above compromise, and commenced this action ; that the sum paid to Brown and Chick in settlement was $335 ; that the plaintiff also paid $50 for counsel fees incurred in making the settlement; and that the damage to the building was $97. There was no evidence that Brown and Chick alleged that the fall of the chimney was due in any degree to the fact that the defendant's telegraph wire was placed upon it.

The defendant objected to the admission of all evidence relating to the injury sustained by Brown and Chick, and to their suit, and asked the court to rule that the plaintiff could not recover for the amount paid them in settlement, or for his legal expenses ; and further requested the court to instruct the jury, that if the chimney was old, unsafe and dangerous and if the injury to Brown and Chick was occasioned partly thereby, and partly by reason of the defendant's telegraph wire being attached to the chimney, and if Brown and Chick brought their suit against the plaintiff alone, and the plaintiff settled it, he could not recover from the defendant the whole or any part of the amount paid in settlement.

The court declined so to rule, but instructed the jury " that whatever the previous condition of the chimney was, if the wire ' pulled it down,' that is, if they found that the chimney came down by reason of the strain of the wire upon it, — that is, that it would not have come down on that occasion, had it not been for the strain of the wire upon it, — the plaintiff would be entitled to recover the expenses of putting his building into the same condition as it was before , and further instructed them, for the purposes of the trial, and in order that the jury might settle all the questions of fact at this trial, that the plaintiff would be enti-

tled to recover the amount he paid to Brown and Chick, with the expenses attending that suit, provided the jury found that the compromise was *bonâ fide*, and was a reasonably proper thing for the plaintiff to make, and the sum paid Brown and Chick was a reasonably proper sum."

The jury found for the plaintiff for $482 damages, and also, in answer to a question of the court, found specially that the wire did " pull down the chimney."

The defendant alleged exceptions.

*R. M. Morse, Jr., & C. P. Greenough*, for the defendant.

*J. C. Gray, Jr., & J. L. Thorndike*, for the plaintiff.

ENDICOTT, J.* The defendant, without the permission of the plaintiff, attached to the plaintiff's chimney a telegraph wire. In a gale of wind, some time afterwards, the chimney was blown down, and fell into the street, injuring a horse and a wagon then passing which belonged to Brown and Chick. They brought an action against the plaintiff, as owner of the building, for the injury caused by the defective condition of the chimney. The plaintiff gave notice of the suit to the defendant, stating that the injury was caused by the wire pulling down the chimney, and that he should look to the company for indemnity, and requested it to come in and defend the action. The defendant declined to defend, or to advise a settlement. The plaintiff settled the suit with Brown and Chick, and brought this action to recover the sum so paid, the legal expenses thereby incurred, and the damage done to the plaintiff's building by the fall of the chimney. The jury have found that the telegraph wire pulled down the chimney. The defendant admits its liability to pay for the damages done to the building, but denies that it is liable for the sum paid Brown and Chick, or for the expenses of the plaintiff.

The first position taken by the defendant is, that the plaintiff was not liable in the action brought by Brown and Chick, because the owner of a building is not answerable for acts of negligence or wrong-doing committed on his land or building by a stranger.

* GRAY, C. J., did not sit in this case.

It is undoubtedly true that when a stranger does a negligent or unlawful act on the land or building of another, and in doing that act occasions injury to a third party, the owner of the land or building is not liable. Such a case would have been presented if the injury had been caused by the fall of the chimney while the defendant, without the knowledge or permission of the plaintiff, was putting the wire upon the chimney. The injury so resulting would have arisen, not from the unsafe condition of the chimney as part of the building, but from a negligent act committed without permission, and not under the authority of the owner. But the facts show a very different state of things. The wrongful act of the defendant caused the chimney, which was adjacent to the highway, to become unsafe and liable to fall by reason of the strain of the wire, and this condition was continued for a considerable period, and existed at the time of the injury. The owner of a building, under his control and in his occupation, is bound, as between himself and the public, to keep it in such proper and safe condition, that travellers on the highway shall not suffer injury. *Milford* v. *Holbrook*, 9 Allen, 17. *Shipley* v. *Fifty Associates*, 101 Mass. 251, and cases cited. *Hadley* v. *Taylor*, L. R. 1 C. P. 53. *Kearney* v. *London, Brighton, &c. Railway Co.* L. R. 6 Q. B. 759. *Welfare* v. *London & Brighton Railway Co.* L. R. 4 Q. B. 693. It is the duty of the owner to guard against the danger to which the public is thus exposed, and he is liable for the consequences of having neglected to do so, whether the unsafe condition was caused by himself or another. *Coupland* v. *Hardingham*, 3 Camp. 398. Nor can the owner protect himself from liability, because he did not in fact know that the building was unsafe; he is bound to exercise the proper care required under the circumstances of the case. The liability of the plaintiff, therefore, to Brown and Chick did not depend upon, and was not based upon, the particular act of the defendant, but upon the determination of the question, whether the chimney was unsafe and dangerous to travellers under such circumstances that the owner was responsible for the injury suffered. It cannot be said, as matter of law, upon these facts, that the plaintiff was not liable to Brown and Chick, and that he could have successfully defended the action.

The second objection taken by the defendant is that the injury was caused by the negligence of the plaintiff and defendant; that they were joint tortfeasors, and that there cannot be indemnity or contribution between them.

When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, because both are equally culpable, or *participes criminis*, and the damage results from their joint offence. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not *in pari delicto* as to each other, though as to third persons either may be held liable. The numerous cases in our own reports are analogous, where towns, having been held liable for an unsafe condition of the highway, have recovered from the persons whose acts caused the unsafe condition. The reasons given in these cases are conclusive on this point. In *Lowell* v. *Boston & Lowell Railroad Co.* 23 Pick. 24, the authorities were fully considered, and upon general principles it was held the town could recover, the parties not being *in pari delicto*. No distinction is there made, that the liability is cast upon the town by statute and not by the common law, and no such distinction is noticed in any of the cases which follow it. *Lowell* v. *Short*, 4 Cush. 275. *Swansey* v. *Chace*, 16 Gray, 303. *Milford* v. *Holbrook*, 9 Allen, 17. *West Boylston* v. *Mason*, 102 Mass. 341. In the last case, it was said the only fault of the town was the failure to remedy a nuisance which the defendant had created. Nor can there be any such distinction in principle. The ground of the action is that the defendant has, by his own unauthorized act, exposed the plaintiff to a liability, and it is immaterial whether the liability is imposed by force of a statute or by the rules of the common law. In either case the plaintiff is held liable by inference of law, and not by reason of his active participation in the act which was the occasion of the injury. *Pearson* v. *Skelton*, 1 M. & W. 504. See also *Chicago City* v. *Robbins*, 2 Black. 418; *Bailey* v. *Bussing*

28 Conn. 455. We are therefore of opinion that the defendant is responsible over to the plaintiff in this action, the jury having found that the wrongful act of the defendant caused the unsafe condition of the building, and exposed the plaintiff to the liability.

The plaintiff gave notice to the defendant of the action brought by Brown and Chick, and the defendant refused to come in and defend; the jury have found that the sum paid in settlement was reasonable, and that the plaintiff acted prudently in paying it; and he is entitled to recover that sum and his expenses, together with the damages to his building. No question was made by the defendant as to the items of the plaintiff's expenses. *Swansey* v. *Chace*, 16 Gray, 303. *Blanchard* v. *Equitable Safety Ins. Co.* 12 Allen, 386. *Smith* v. *Compton*, 3 B. & Ad. 407. *Tindall* v. *Bell*, 11 M. & W. 228. *Exceptions overruled.*