WILLIAM W. CHURCHILL & others *vs.* REUBEN L. HOLT & others.

Suffolk. March 28. — July 10, 1879.

If the occupant of a building, connected with which is a hatchway in the sidewalk leading into the basement, is compelled, by reason of his relation to the building, to pay damages recovered in an action of tort by a person who sustains an injury by falling into the hatchway, which had been left open and unguarded by the negligent act of a third person, he may maintain an action against such third person for indemnity; and the judgment in the action by the person injured is not conclusive against the right to recover.

MORTON, J. The plaintiffs were the lessees and occupants of a building on Winter Street, a crowded thoroughfare in the city of Boston. Connected with the building there was a hatchway in the sidewalk, leading into the basement. On March 31, 1875, one Julia Meston, a traveller upon the street, fell into the hatchway, which had been left open and unguarded, and was injured. She brought an action against these plaintiffs, alleging that she was injured by reason of their negligence in keeping the covering of the hatchway in an insecure condition, in allowing it to decay and become ruinous, and in allowing the hatchway to be uncovered, in which action she recovered a judgment for damages. The plaintiffs have brought this action to recover the amount of such judgment paid by them, on the ground that the hatchway was left uncovered, thus rendering the street dangerous, by the negligent and wrongful act of a servant of the defendants.

One ground taken by the defendants in this action is, that the injury was caused by the joint negligence of the plaintiffs and defendants, that they were joint tortfeasors, and, therefore, that there is no right to indemnity or contribution between them. This subject was considered in the recent case of *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149, and the decision in that case covers the questions raised in the case at bar. As there stated, the rule that one of two joint tortfeasors cannot maintain an action against the other for indemnity or contribution, does not apply to a case where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability; in such case, the parties are not *in pari delicto* as to each other, though as to third persons either may be held liable. In the

case at bar, it was not negligent or wrongful for the plaintiffs to have a suitable hatchway extending into the sidewalk, or to open it at proper times, taking care to provide barriers or other warnings to prevent danger to travellers on the street. The negligence which made them liable to the person injured was, that they allowed the hatchway to remain open without proper barriers or other warning. As lessees and occupants of the building, it was their duty, as between themselves and the public, to keep the hatchway in such proper and safe condition that travellers on the street would not be injured. If they neglected this duty, they would be liable, although the unsafe condition was caused by a stranger, and although they did not know it. Their liability depended upon the question whether the hatchway was dangerous to travellers under such circumstances that the occupant of the building was responsible for the injury suffered, and not upon the question as to who negligently did the act which created the danger. If the defendants, or a servant in the prosecution of their business, negligently uncovered the hatchway and allowed it to remain unguarded, without the knowledge of the plaintiffs, whereby the plaintiffs from their relation to the building were made liable to the person injured, the rule as to joint tortfeasors does not apply, but the plaintiffs can maintain this action.

The ground taken by the defendants, that the judgment in the suit by Meston against the plaintiffs is conclusive against the right to maintain this action, cannot be sustained.

Under the pleadings in that suit, the judgment may have been rendered upon the ground that the plaintiffs were liable as occupants of the building, without any regard to the question whether they or a stranger to the suit removed the cover, or negligently left it unguarded. It conclusively shows that they were guilty of negligence in law as to the person injured, but it does not show that they were *participes criminis* with the defendants, and is not inconsistent with their right to maintain this action.

At the trial, the plaintiffs offered evidence tending to show that, on the day when the accident happened, they left the hatchway in a reasonably safe condition; that a servant of the defendants in the course of their business, without the knowledge of the plaintiffs, removed the cover, and left without re-

placing it or providing any barrier or warning; and that, while it was thus open, Mrs. Meston fell in and was injured.

We are of opinion that the evidence should have been ₒsub· mitted to the jury. *Case to stand for trial.*

*C. R. Train & J. O. Teele,* for the plaintiffs.

*A. A. Ranney,* for the defendants.