WILLIAM W. CHURCHILL & others *vs.* REUBEN L. HOLT & others.

Suffolk.   January 13. — April 6, 1881.   COLT & FIELD, JJ., absent.

If a person leaves a hatchway in the sidewalk connected with his premises in an unsafe condition, so that an injury to a traveller on the street is liable to happen in consequence of it, and another person so interferes with the hatchway as to cause it to be more dangerous, and a traveller is injured by the hatchway, the occupant of the premises is *in pari delicto* with the other person, and cannot recover indemnity of him, if compelled to pay damages recovered in an action by the injured person.

TORT to recover the amount of a judgment paid by the plaintiffs, in an action brought by Julia Meston against them for personal injuries occasioned by falling into an open and unguarded hatchway on the plaintiffs' premises, alleged in this action to have been caused by the negligence of the defendants' servant. After the former decision, reported 127 Mass. 165, the case was tried in this court, before *Lord,* J.; the jury returned

---

a verdict for the defendants; and the plaintiffs alleged exceptions, which appear in the opinion.

*J. O. Teele*, ( *C. R. Train* with him,) for the plaintiffs.

*A. A. Ranney*, for the defendants.

MORTON, J. This case came before us at the former hearing upon an offer of proof made by the plaintiffs; and it was held that the case should have been submitted to the jury, because the evidence offered tended to show that, on the day of the accident, the plaintiffs left the hatchway in a safe condition, and the servant of the defendants negligently removed the cover, and thus made it dangerous, without the knowledge of the plaintiffs. It was adjudged that, if such were the facts, the parties were not joint tortfeasors, *in pari delicto*, and the plaintiffs could maintain an action for indemnity. *Churchill* v. *Holt*, 127 Mass. 165. At the second trial, the facts were disputed. The principal question was whether the parties were joint tortfeasors, within the rule of law which precludes those who are *in pari delicto* from recovering of each other indemnity or contribution. The evidence was conflicting. The bill of exceptions states that " the presiding justice gave instructions intended to cover all the points raised by either party, to which no exception was taken except as follows: The jury were instructed that if the plaintiffs left the hatchway in a condition that was reasonably safe, and the defendants' servant removed the covering in the performance of the defendants' business, so that the injury to Mrs. Meston was caused by that means, the plaintiffs are entitled to recover; but that if the hatchway as left by the plaintiffs was in an unsafe condition, so that an injury to Mrs. Meston was liable to happen in consequence of it, and the defendants' servant, in the course of the business of the defendants, so interfered with the hatchway as to cause it to be more dangerous, and Mrs. Meston was injured in the way thus made more dangerous, the plaintiffs could not recover. To this instruction the counsel for the plaintiffs duly objected."

The first clause of these instructions was in accordance with the previous decision in this case, and the plaintiffs do not object to it. The second clause, fairly construed, means that, if the plaintiffs left the hatchway in an unsafe condition, so that the same injury or an injury of the same character was liable to

happen to Mrs. Meston in consequence of it, and if the defendants' servant, in the course of their business, interfered with it so as to make it more dangerous, that is, to increase the danger already existing by the fault of the plaintiffs, and Mrs. Meston was injured in the hatchway thus made more dangerous, the plaintiffs cannot recover. We cannot doubt that it was so intended, and so understood by the jury. Thus construed, it is not open to exception, because in the case which it supposes the fault of the plaintiffs was a contributing cause of the injury. In such a case, both parties, whether they act with a common purpose or independently, aid in creating the danger or nuisance, and it is impossible to apportion the degree of their respective negligence, or to determine by whose individual negligence the injury was caused. They are both wrongdoers, whose unlawful acts contribute to produce the injury. They are *in pari delicto*, and therefore neither can recover indemnity or contribution of the other. The plaintiffs contend that they had the right to go to the jury upon the question whether the sole cause of the injury to Mrs. Meston was the negligent acts of the defendants' servant.

We must presume that proper instructions were given as to other aspects of the case; but, in the aspect of the case supposed in the instruction we are considering, that is, if the jury found that the plaintiffs negligently left the hatchway in a dangerous condition, and that the acts of the defendants' servant merely made it more dangerous, it is impossible for the jury to find that the fault of the plaintiffs did not contribute to the injury. It is like the case of a man injured by falling into a hole dug partly by one person and partly by another. The acts of both aid in creating the danger which causes the injury, and it cannot be ascertained whether the acts of one excluding the acts of the other would have caused the same injury. If the acts are unlawful, both are wrongdoers *in pari delicto*, and, though each would be liable to the person injured, neither could recover indemnity or contribution of the other.     *Exceptions overruled.*