## CITY OF HARTFORD *v.* TALCOTT.

*( Court of Errors and Appeals of Connecticut.—1881.—48 Conn.)*

MUNICIPAL CORPORATIONS—PUBLIC STREETS—SNOW AND ICE THEREON —NEGLECT TO REMOVE—LIABILITY OF ADJOINING PROPRIETOR—ORDINANCE. The charter of the city of Hartford authorizes the common council to pass an ordinance for the keeping of the streets open and safe for public use. The council passed an ordinance requiring every owner or occupant of a building or lot bordering upon a street with a paved or graded sidewalk, to remove from the walk all snow and ice, within a certain time after it had fallen or formed, and imposing a penalty of two dollars for every twelve hours of neglect of the duty after notice from a policeman. The defendants, who owned premises fronting upon a public street and sidewalk, neglected, beyond the time limited, to remove snow and ice that had accumulated upon the walk and rendered it unsafe, and a person passing by upon it, fell and was injured, and afterwards recovered damages therefor from the city. In a suit brought by the city to recover the amount from the defendants, *held*, that they were not liable. Such a proprietor owes no duty to the public in reference to the way, except to remove from it all property of his own that obstructs it, and to refrain from doing anything to render it unsafe for travellers. So far as defects in it result wholly from the operations of nature, he is without responsibility for them. It was the duty of the city to keep its streets open and safe for public travel, and this duty extended to that portion used exclusively by foot passengers.

Civil action to recover of defendants the amount of a judgment against the plaintiff city for damages for an injury caused by ice upon a sidewalk in front of their premises. The defendants were proprietors of premises fronting on Asylum street, in the city of Hartford. Snow and ice had accumulated, and for several days had been allowed to remain upon the sidewalk in front, rendering the walk dangerous for persons passing over it. A foot passenger slipped upon it and was injured, and in a suit against the city recovered judgment for damages. This judgment the city paid, and brought suit to recover the amount from the defendants. The case was reserved for the advice of this Court.

PARDEE, J., in delivering the opinion of the Court, said:

The State places upon municipal corporations the burden of keeping the highways within their respective limits in a reasonably safe condition for public travel; and in cities and boroughs this duty is co-extensive with the width of the street, including

that portion used by foot passèngers exclusively. As both the
carriage and foot-ways are for the convenience of the public,
and not for the especial use or benefit of adjoining proprietors,
under the general law, the money expended in maintaining,
and in making compensation for injuries resulting from neglect
to maintain, is to be paid by the public from taxes assessed
equally upon all property. The ownership of land upon a way
does not carry with it the burden of an unequal contribution
to either branch of these expenditures. The individual owes
no duty to the public in reference to the way, except to remove
therefrom all property of his own which obstructs it, and to
refrain from doing or placing anything thereon dangerous
to the traveller. So far as defects in it result wholly from the
operations of nature, the proprietor at whose front they exist
is without responsibility for them. Therefore, where ice has
accumulated upon the sidewalk to a dangerous extent, it is the
duty of the municipality to remove or cover it within a reason-
able time after its formation.

The charter authorizes the council to make an ordinance
regulating the keeping "open and safe for public use and travel,
and free from encroachment and obstruction, the streets, high-
ways, passways, and public grounds and places in said city."
But there is in this language no grant of power to the council
to change the general law and transfer the responsibility for
injuries resulting from defects in the way from the public to an
individual who is not responsible for their existence. The
utmost reach of it is only to authorize the enactment of an or-
dinance requiring each proprietor upon the way to assist the
city in restoring the walk to a condition of safety, with a fixed
and reasonable penalty for disobedience.

The council enacted the following ordinance. [His Honor
read the ordinance set forth in the head-note.] But by passing
this ordinance, the city has not relieved itself from responsi-
bility for the safety of travellers; it remains answerable for
injuries resulting either from the negligence of the individual,
or its own omission to act. The labor performed by those who
obey, and the fines and expenses paid by those who do not,
measure the extent of the advantages to be derived from the
exercise of the power to pass it.

Moreover, there not being upon the individual any liability at common law for injuries resulting from obstructions in the way wholly the effects of natural causes, such liability is not brought into existence by force of declarations in the ordinance that the obstructions are nuisances, or that it is his duty to remove them; for, as the liability is the creation of the ordinance, it can be no greater than that specifically named therein; and as, in the one before us, the council measured it by a fine with cost of removal, the city has thereby barred itself from enforcing an unnamed and unlimited liability beyond. In the matter of statutory penalties the expression of a certainty prevents the existence of an uncertainty.

In support of his position, counsel for the plaintiff has cited *Robbins* v. *Chicago*, 4 Wall., 657; *Portland* v. *Richardson*, 54 Me. 46; *Lowell* v. *R. R. Co.*, 23 Pick., 24; and *Brooklyn* v. *R. R. Co.*, 47 N. Y., 475; but these are instances of excavations made and negligently left open in the way by the defendants; *Boston* v. *Worthington*, 10 Gray, 496; and *Churchill* v. *Holt*, 127 Mass., 165, —instances of cellar-ways opening into the street and negligently left unprotected—practically, daily digging and leaving open a dangerous excavation in the street; *Milford* v. *Holbrook*, 9 Allen, 17,—negligently permitting an awning to fall; *Gray* v. *Boston Gas Light Co.*, 114 Mass., 149,—negligently permitting a chimney to fall; *Norwich* v. *Breed*, 30 Conn., 535,—digging and negligently leaving unprotected an excavation on defendant's land, but so dangerously near and open to the street, as to be in effect an excavation therein. In each case the defendant placed a dangerous obstruction in the way, and of course for a time after doing the act was, upon every principle, responsible for the consequences, and that irrespective of any city ordinance.

*Judgment for defendant advised.*

*C. E. Perkins*, for plaintiffs.

*E. B. Bennett*, for defendants.