R. C. SIMPSON vs. WILLIAM L. MERCER.

WRIGHT W. WILLIAMS vs. SAME.

Suffolk. Jan. 14. — May 9, 1887. HOLMES & GARDNER, JJ., absent.

If a writ of replevin in favor of A. is placed for service in the hands of a constable, who opens a storehouse and takes the goods described in the writ, and does not prevent an agent of A., who accompanies him, from taking away certain goods of B. which are stored there, claiming a right to do so, and B. thereupon brings an action against the officer for allowing B.'s goods to be taken, recovers judgment, which is satisfied, and then executes a written instrument assigning to the officer B.'s judgment against him, together with any and all claim and right of action B. might have against A. for the goods, and authorizing the officer to sue for and recover the same of A. for his own use, B.'s claim is extinguished by the satisfaction of his judgment against the officer, and the officer cannot maintain an action in B.'s name against A.

A writ of replevin in favor of A. was placed for service in the hands of a constable, who opened a storehouse and took the goods described in the writ. The officer was accompanied by B., as A.'s agent, who had the mortgage under which A. claimed the goods which were to be replevied, and discovered that the description in it covered property not mentioned in the writ. B. also found in the store, mingled with the goods to be replevied, numerous other articles which he believed to be, and told the officer were, the same covered by the mortgage. Upon his statement and representation that the mortgage covered all the goods in the store, the officer allowed B. to remove said other property, as he claimed a right to do. A. received the property so removed, and ratified the acts of B. in relation thereto. C., the owner of the goods so taken, brought an action against the officer for allowing them to be taken, and recovered judgment, which was satisfied by the officer. *Held*, that the parties were not *in pari delicto;* and that the officer could maintain an action against A. for the amount of the judgment so paid by him.

C. ALLEN, J. In the first case the facts are as follows: A constable, Williams, having in his hands for service a writ of replevin in favor of Mercer (the present defendant) against one Bassett, opened a storehouse and took the goods described in the writ. An agent of Mercer, who was with the officer, also took away from the storehouse certain goods of the present plaintiff, Mrs. Simpson, which were stored therein, claiming a right to do so; and the officer did not prevent him from doing so. She thereupon brought an action of tort against the constable, for his wrongful act in allowing her goods to be taken, and recovered judgment, which was satisfied. She then executed a written instrument, assigning to the constable her judgment

against him, together with any and all claim and right of action she might have against Mercer for the goods, and authorizing the constable to sue for and recover the same of Mercer, for his own use. By virtue of this assignment, the present action was brought in her name against Mercer, for the wrongful act of his agent in taking the goods, the declaration setting up said assignment, and averring that the suit was brought for the constable's benefit.

The answer to all this is, that the plaintiff's claim was extinguished by the satisfaction of her judgment against the constable, and she is no longer entitled to institute or maintain an action against Mercer for the same conversion, either for her own benefit, or for the benefit of the constable. *Stimpson* v. *Poole,* 141 Mass. 502, 505, and cases cited. The judgment for the plaintiff must therefore be reversed, and judgment entered for the defendant.

In the second case the constable seeks to recover from Mercer the sum paid by him to satisfy Mrs. Simpson's judgment against him. It was agreed that Mercer procured and paid counsel for defending that suit.

It appears that Mercer's agent, who was with the officer, had the mortgage under which Mercer claimed the goods which were to be replevied, and discovered that the description in it covered property not mentioned in the writ. He also found in the store, mingled with the goods to be replevied, numerous other articles which he believed to be the same covered by the mortgage, and he told the officer that they were the same. Upon his statement and representation that the mortgage covered all the goods in the store, the constable permitted him to remove said other property, as he claimed a right to do. Mercer received the property so removed, and ratified the acts and conduct of his agent in relation thereto.

Under this state of things, the parties were not equally in fault; the constable yielded to representations of the defendant's agent, and permitted the latter to enforce an asserted right; but he took no part in the act of removal and derived no benefit therefrom, and may properly recover, on the ground that, although so far a co-delinquent as to be in law liable to the owner of the goods, he was not *in pari delicto.* *Churchill* v.

*Holt,* 131 Mass. 67; and 127 Mass. 165.  *Gray* v. *Boston Gas Light Co.* 114 Mass. 149.  *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24, 32.

In this case, therefore, no question of pleading being open by the agreed facts, the judgment for the plaintiff is to be affirmed.

*Judgments accordingly.*

*A. J. McLeod,* for the defendant.

*R. Lund & C. H. Welch,* for the plaintiffs.