OLD COLONY RAILROAD *vs.* H. C. SLAVENS & another.

Suffolk.   November 16, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Joint Tortfeasors.*

A railroad company was held liable for personal injuries to a passenger resulting
from the obstruction of a sidewalk alongside of its station caused by the negli-
gent act of a contractor for transferring the mails from the station to the post-
office, the company's regulations and provisions for such transfer not requiring
such obstruction.  *Held*, in an action by the company to recover over against
such contractor, that the company was not a joint tortfeasor with him so as to
prevent recovery.

TORT for the amount of a judgment recovered against the
plaintiff by one Amory, for an injury for which the plaintiff
became responsible through the negligent act of the defendants.
Trial in the Superior Court, before *Dewey*, J., who allowed a bill
of exceptions, in substance as follows.

The plaintiff was a common carrier of passengers with one of
its termini in Boston.   Along the outside of one of the walls of
its station at this terminus it maintained a sidewalk, about ten
feet in width, as a part of the station and a means of egress for
passengers.   The plaintiff carried the United States mails to and
from Boston, but took no part in the delivery of the mails after
they were taken from the mail car in the station.   The defend-
ants were under contract with the United States government to
carry the mails from the plaintiff's trains, on their arrival at the
station, to the post-office in Boston.   It was customary for the
defendants' servants to transfer the mail from the cars to the
defendants' wagon, with the assistance only of one Jenkins, a
United States railway transfer clerk, and without the assistance
of the plaintiff's servants, by loading the mail bags on a truck
from the mail car, wheeling the truck to a door of the station
having over it a sign marked "Mail Wagon Door" and opening
on the sidewalk mentioned, drawing the bags in a compact mass
from the truck to the sidewalk, where they occupied at least half
of the sidewalk, and loading them at convenience from the
sidewalk to the defendant's wagon stationed at the edge of the

sidewalk. The injury to Amory, for which the plaintiff was held liable, was received by falling over mail bags so placed upon the sidewalk, while leaving the station, where he had arrived as a passenger, the mail bags having been placed there by the defendants' servant and the railway transfer clerk, substantially in the manner above described.

There was evidence tending to show that the plaintiff, with the knowledge that mail bags were taken, as above described, and with no prohibition on its part, by the defendants and the railway transfer clerk through the door marked " Mail Wagon Door," and that the bags were so deposited upon the sidewalk before loading them into the wagon, had given only general instructions to the railway clerk, who communicated them to the defendants' servants, not to take the mails until the passengers from incoming trains had passed by; and that no other regulations or instructions had been given by the plaintiff.

After the evidence was in, the defendants requested the judge to instruct the jury as follows:

" 1. If the injury was caused by the sole default of the plaintiff, or by the joint fault of the plaintiff and any of the defendants, then the plaintiff cannot recover.

" 2. If the plaintiff authorized, licensed, or permitted the making of the obstruction which caused said Amory's injury, it cannot recover in this action.

" 3. If the plaintiff authorized, licensed, or permitted the defendants, or any of them, to handle the mail bags in the way and the manner in which they were handled at the time of said Amory's injury, and such handling of the same made or constituted an obstruction of the sidewalk which caused such injury, then such authority, license, or permission made the plaintiff a joint wrong-doer as to Amory, even if any of the defendants were at fault, and it cannot recover against any of them.

" 4. If the plaintiff had the right to designate and determine the place where, and the way and manner in which, the mail bags should be taken from its trains and conveyed to the mail wagon, and at the time of Amory's injury they were so taken and conveyed in the way and manner in which they were, with the knowledge of the plaintiff and without its objection, prohibition, or interference, accustomed to be conveyed prior to that

time, and such way and manner of conveying the mail bags caused or contributed to Amory's injury, then you may find that the plaintiff authorized and permitted the obstruction of the sidewalk by which that injury was caused, and if you do so find, then the plaintiff cannot recover in this action.

" 5. If the plaintiff maintained the sidewalk on which Amory fell, as a means of egress for its passengers from its train-house to the highway, and knew, or had reason to know, that the reasonable and convenient way and manner, or the actual way and manner, of conveying the mail bags from its train to the mail wagon, made an obstruction of the sidewalk to its passengers, and it stood by and permitted the same without objection, it was negligent as to its passengers lawfully using that sidewalk, and cannot recover from any of the defendants the amount it has been compelled to pay for injuries received by passengers caused by such obstruction."

The judge refused to give these rulings and instructions, but did instruct the jury upon that subject as follows: " The plaintiff must further satisfy you, that it did not participate actively in putting the bags upon the sidewalk; that is, that they were placed there by the defendants' servant, acting alone or with some third party not connected with the plaintiff. Now, the defendants claim that that is not enough to establish the defendants' responsibility. The defendants claim that they did what they did under a regulation made by the plaintiff corporation as to the unloading the mails where they should be unloaded; that they acted under that regulation, and therefore they are not responsible to the plaintiff if any harm came to Mr. Amory. Now upon that subject I instruct you as follows. If the plaintiff made such arrangement, regulation, or provision for the unloading of the mails from the postal car to the mail wagon by the defendants' servant, that, by the use of reasonable and ordinary care, they, that is, the defendants' servants, could not avoid obstructing the sidewalk by putting mail bags thereon, and if, at the time Mr. Amory received his injury by said obstructions, said servants had used due and reasonable care as to the time and manner of transferring said mails, then the plaintiff would be so far responsible in regard to the said injury as not to be entitled to recover of the defendants in this action. But if

the defendants' servants, under said arrangement and regulation, by the use of reasonable and ordinary care in unloading said mails, could have avoided obstructing said sidewalk at the time said Amory received his injury, then the plaintiff may recover, even though the officers, agents, and servants of the plaintiff may have known of previous instances of similar obstructions by defendants' servants, and made no objection thereto."

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*L. G. Blair*, for the defendants.

*J. H. Benton, Jr.*, for the plaintiff.

C. ALLEN, J. The verdict establishes it as a fact, that the defendants might have done the work of transferring and loading the mail bags without obstructing the sidewalk as it was obstructed on the occasion of the injury to Amory. The plaintiff's regulations and provisions did not require such obstruction, and the only question before us is, whether, assuming this as a fact, the plaintiff was entitled to recover. And we think the plaintiff and the defendants were not, as to each other, *in pari delicto*. The plaintiff was held liable to Amory because bound to keep the sidewalk reasonably safe. But the ground of the present action is, that the defendants by their negligent act exposed the plaintiff to this liability. The plaintiff's neglect to keep the sidewalk safe did not make the plaintiff a joint wrongdoer with the defendants in any such sense as to prevent the plaintiff from recovering. *Milford* v. *Holbrook*, 9 Allen, 17, 23. *West. Boylston* v. *Mason*, 102 Mass. 341. *Woburn* v. *Boston & Lowell Railroad*, 109 Mass. 283. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149. *Churchill* v. *Holt*, 131 Mass. 67; *S. C.* 127 Mass. 165.

*Exceptions overruled.*