CITY OF LOWELL *vs.* LUCY E. GLIDDEN.

Middlesex.    March 13, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Joint Tortfeasors.*

If a person has created a nuisance in a public street, and a city is in consequence thereof obliged to pay damages to a traveller on the street, the fact that the city is in fault in not removing the nuisance does not make it *in pari delicto* with the creator of the nuisance, and prevent recovery against him.

A city having been held liable for personal injuries to a traveller on one of its public ways, by falling into an uncovered window well, or sunken area projecting into the way for the purpose of lighting the cellar of a building abutting thereon, thereupon brought suit to recover against the owner of the adjoining premises. In the latter action it appeared that the area, which was lined with bricks laid in courses in cement, abutting at both ends against the foundation walls of the defendant's building, was not made until after the erection of the defendant's building, and was not on the defendant's land; that it had not been made by him, and that he had done nothing to maintain it, but whether it had been made by some one of his predecessors in title or by the city was not shown. It further appeared that the area had been in substantially the same condition for twenty years preceding the accident, and that the defendant had acquired the property six years before the accident, at which time it was, and ever since has been, in the possession of a tenant at will of the defendant's grantor without any contract with the defendant as to repairs. *Held*, that there was no fact found which was so conclusive against the defendant that it could be said, as matter of law, that the plaintiff was entitled to judgment.

TORT for the amount of a judgment recovered against the plaintiff by one Hamilton, for personal injuries, for which the plaintiff became responsible through the alleged negligent act of the defendant. Trial in the Superior Court, without a jury,

---

before *Hopkins*, J., who found for the defendant, and reported the
case for the determination of this court, in substance as follows.

The defendant was the owner of a building situated on Elliott
Street in Lowell.   The building, which was erected in 1870, was
built on the westerly line of the defendant's land, which coin-
cides with the easterly line of Elliott Street.   Projecting about
eight tenths of a foot from the building into Elliott Street was
an uncovered window well, or sunken area, about two feet eight
inches long and a foot deep, for the purpose of giving light to
the cellar of the defendant's building.   This area was lined with
bricks laid in courses in cement, and the courses abutted at both
ends against the foundation wall of the defendant's building,
and were united to it with cement, the upper surface of the top
course of bricks being level with the surface of the sidewalk in
front of the defendant's building.   Neither the area nor the
sidewalk was made until after the erection of the defendant's
building, but whether they were made by the then owner of the
building or by the city did not appear.

The area and sidewalk were in substantially the same condi-
tion for more than twenty years.   The defendant acquired the
premises in 1885, and at that time they were occupied by one
Howe as a tenant at will, who continued to occupy the premises
up to the time of the accident to Hamilton without any contract
between him and the defendant as to repairs.

On September 12, 1891, at which time the premises were in
the same condition as when the defendant acquired them, one
Hamilton, while walking on Elliott Street, fell into the area, and
received injuries, for which, in an action brought against the city
of Lowell, he recovered judgment for $1,750 damages and $136.88
costs of suit.   The defendant was duly notified of the pendency
of the action brought by Hamilton, and was requested to defend
it.   It further appeared that the defendant was a resident of
Lowell, and that she employed one Murphy to act as her agent
in collecting the rents of the building on Elliott Street, and that
he knew the window well was open and unguarded, and that the
plaintiff never requested the defendant to fill or cover up the
window well, or in any manner gave the defendant notice of its
existence, or made of her any demand or request relative thereto.

If the ruling was right, judgment was to be entered for the

defendant; otherwise, for the plaintiff, for the amount paid by it on the judgment recovered by Hamilton against it.

*J. J. Hogan*, for the plaintiff.

*J. N. Marshall & M. L. Hamblet*, (*J. C. Burke* with them,) for the defendant.

LATHROP, J.   It must be conceded in favor of the plaintiff, that, if a person has created a nuisance in a public street, and a city is in consequence thereof obliged to pay damages to a traveller on the street, the fact that the city is in fault in not removing the nuisance does not make it *in pari delicto* with the creator of the nuisance, and prevent recovery against him.   *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24.   *Lowell* v. *Short*, 4 Cush. 275.   *Swansey* v. *Chace*, 16 Gray, 303.   *West Boylston* v. *Mason*, 102 Mass. 341.   *Woburn* v. *Boston & Lowell Railroad*, 109 Mass. 283.   *Campbell* v. *Somerville*, 114 Mass. 334.   *Westfield* v. *Mayo*, 122 Mass. 100.   See also *Churchill* v. *Holt*, 127 Mass. 165, and 131 Mass. 67; *Old Colony Railroad* v. *Slavens*, 148 Mass. 363.

For the purposes of the case we may assume, without deciding, that the responsibility of the defendant is the same as if the premises at the time she purchased them had not been in the possession of a tenant at will of her grantor, and she had then let them to a tenant at will, without making any contract as to repairs.   See *Dalay* v. *Savage*, 145 Mass. 38, and cases cited; *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47; *Lufkin* v. *Zane*, 157 Mass. 117.

The difficulty in the plaintiff's case lies deeper.   The judge who tried the case in the court below has found no fact which is so conclusive against the defendant that we can say, as matter of law, that judgment ought to be entered for the plaintiff.   The sunken area is not on the land of the defendant.   It was made by some person other than the defendant, and she did nothing to maintain it.   Whether it was made by a former owner of the house is not found.   The report states that the well and the sidewalk were not built until after the erection of the building, but whether they were built by the then owner of the building or by the city does not appear.   Although the judge finds that the bricks which line the sunken area abut against the foundation wall of the defendant's building, and are united to it by cement, and that the area was constructed for the purpose of lighting the

cellar of the defendant's building, it cannot be said that these facts are conclusive in favor of the plaintiff. There is nothing to show that all this was not done by the agents or servants of the city when the sidewalk was built, under a mistaken belief as to the location of the boundary line between the street and the adjoining land. *Judgment for the defendant.*