LILLIAN E. HEATON vs. CHILDS COMPANY OF PROVIDENCE.

APRIL 20, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  Negligence.   Prima Facie Case.   Open Door.

In a personal injury action, through tripping over a partly open trap door in a sidewalk, plaintiff established a *prima facie* case of defendant's negligence by showing the maintenance of the partly open door over which defendant had control and without explanatory evidence from defendant the inference would be warranted that negligence of defendant's servants caused the injury.

TRESPASS ON THE CASE for negligence.   Heard on exception of defendant and overruled.

BARROWS, J.   This case is before us on exception of defendant to the refusal of the trial court to grant defendant's motion to direct a verdict in its favor.

The action is for negligent maintenance of a hatchway in the sidewalk in front of premises occupied by defendant on Westminster street, one of the chief public highways in Providence.   The hatchway led to the basement of defendant's restaurant and was covered by two trapdoors which in rising moved on axes at right angles to the curb line.   When closed the doors were flush with the traveled sidewalk.   They were raised from within defendant's building by a crank located in defendant's stockroom.   Defendant's rules forbade anyone other than an employee to raise and lower them.   The evidence showed that these rules were generally enforced though at times they have been violated.   No one, however, could reach the crank operating the gears controlling the doors without access to defendant's private stockroom.   Defendant's restaurant is open for business twenty-four hours per day.   On the morning of September 3, 1925, at 5:45 a. m., daylight saving time, in a semi-light just after the electric street lights had been shut off, plaintiff was proceeding easterly along the southerly sidewalk of Westminster street.   The morning was misty

and when in front of defendant's place of business her left foot went into a hole created by the easterly of the trapdoors being open two or three inches and she tripped over the upraised door and fell. This partly open door was the proximate cause of plaintiff's falling. There was no evidence to show how the door came to be partly open. Upon this state of facts defendant, though offering no explanation of the open hatchway, contended that plaintiff's evidence had not shown that an agent of defendant left the door open and that in consequence no negligence had been proven against defendant. *Hope* v. *Longley*, 27 R. I. 579.

Defendant errs in construing the declaration as a charge that the door was left open by an agent of defendant, which allegation plaintiff must prove at peril of a nonsuit or directed verdict against her. We assume that the existence of the hatchway was not a nuisance. *Pawtucket* v. *Bray*, 20 R. I. 17. No dangerous situation was created unless it was left open without proper barriers or warning. As lessee and occupant of the building using the hatchway solely for purposes of defendant's business, it was the duty of defendant "as between themselves (itself) and the public to keep the hatchway in such safe and proper condition that travelers on the street would not be injured". *Churchill* v. *Holt*, 127 Mass. 165. Violation of this duty is the charge made in the declaration. Defendant's liability was predicated upon the danger to travelers from an unprotected partly open hatchway, which created a dangerous trap for travelers on the public way in front of defendant's premises. Such opening defendant was *prima facie* bound to guard, and if defendant asserted that someone else was using or had used the hatchway and had the care of it, or that some stranger intermeddled, so as to relieve defendant of liability, it was incumbent upon defendant to produce such evidence. *Reynolds* v. *Garst*, 25 R. I. 83. It was not necessary that plaintiff show affirmatively that some of defendant's servants had left the hatchway open. *Barry* v. *Terkildsen*, 72 Calif. 254; 13 R. C. L. p. 439, § 359. There is an obliga-

tion upon the occupant of premises who creates a hole in his sidewalk to guard the opening at all times.    This duty is different from the duty resting upon the owner to guard an elevator well upon private premises which was the basis upon which plaintiff sought to recover in *Hope* v. *Longley.*

In the case at bar the hatchway doors were controlled by a man specially employed so to do after seven a. m. but defendant's place of business was open night and day and the doors were sometimes raised by defendant's agents before the arrival of the doorkeeper to take in early deliveries of milk, etc.    Such usage was always under defendant's supervision unless unobserved some delivery man violated defendant's rules.    Plaintiff here established a *prima facie* case of defendant's negligence when she showed the maintenance of a partly open hatchway in the sidewalk over which opening defendant had control by means of appliances solely operated upon its premises.    Without explanatory evidence from defendant, the inference would · be warranted that negligence of defendant's servants caused plaintiff's injury.    There is no attempt to build a presumption of fact upon another presumption of fact, as urged by defendant.    The attendant facts and circumstances were not such as might be consistent either with defendant's liability or nonliability.    Unexplained they were consistent only with liability.    There was no error in refusing defendant's motion for direction of a verdict.

Defendant's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Joseph H. Coen,* for plaintiff.

*Sherwood, Heltzen & Clifford, Sidney Clifford,* for defendant.