Gillen, J.
This is an action of contract or tort in which the plaintiff seeks to recover the amount of a judgment rendered against it in favor of one Alexander P. Benson; the action of said Benson against the Hollywood Barbeque Company, Inc., was one to recover for injuries caused by the negligent failure of the Hollywood Barbeque Company, Inc., to properly guard a bulkhead door located in the sidewalk on West Springfield Street (at the plaintiff’s restaurant) as it was opened by the defendant’s employee.
The defendants had a contract with the Hollywood Barbeque Company, Inc., to remove the meat scraps from the restaurant of the latter. The employee of the defendants would enter the basement through the restaurant and then take the barrel of scrap through the bulkhead door to the *140 street. It was while engaged in this operation that the employee of the defendants opened the bulkhead door striking Benson, then a pedestrian on the sidewalk, and causing injury.
The original suit by Benson against the Hollywood Barbeque Company, Inc., was tried in this court.
In the instant case the defendants made the following requests for rulings of law:
“1. The evidence warrants a finding that the plaintiff and the defendant were joint tort feasors and in ‘pari delecto’ with each other. Old Dominion Copper Company v. Bigelow, 203 Mass. 159, 217. Boot Walls v. Boston & Maine Railroad, 218 Mass. 582 at 592. Keljikian v. Star Brewing Co., 1939 Adv. Sh. *Denied.
“2. The evidence does not warrant a finding that the plaintiff and defendant were not joint tort feasor and were not in ‘pari delecto’. Denied.
“3. If the plaintiff and defendant are joint tort feasors and in ‘pari delecto’ with each other, then there is no right of contributions or indemnity between them. Denied. Inapplicable as I find on the facts that the parties were not joint tort-feasors in ‘pari delecto’ with each other.
“4. There is evidence as a result of the finding for the plaintiff in the case of Alexander P. Benson vs. Hollywood Barbeque Co. Inc. Boston Municipal Court Docket 121481 that the plaintiff in the case at bar was negligent, and its negligence was a joint cause to the injury sustained by Alexander P. Benson. Denied. Negligence was not the joint cause of injury.
“5. The evidence warrants a finding for the defendant. Denied.”
The trial judge found for the plaintiff.
The defendants claim to be aggrieved by the action of the trial judge on the requests.
In the first instance it became a question of fact for the •trial judge to decide, where the negligence lay and who *141 caused it. On all the evidence in the case he could find that on the day in question the employee of the defendants entered the restaurant, went to the basement and proceeded to remove the scraps through the bulkhead flap doors; that said employee opened these doors negligently thus causing the injury to Benson; that the first knowledge that anyone connected with the plaintiff corporation had that the employee of the defendants was on the premises was after the injury to Benson. While there was evidence that the treasurer of the plaintiff corporation saw the employee of the defendants enter the restaurant the trial judge was not compelled to believe this.
If the trial judge reached the conclusions here set forth and we cannot say that he did not it would be akin to finding that the negligence was solely that of the employee of the defendants and that negligence alone caused the injury to Benson.
It would be unreasonable to expect that the plaintiff corporation must keep a guard on the bulkhead all day pending the arrival of the employee of the defendants to collect the scrap.
We can conceive of a situation where the acts of omission of the plaintiff to guard the bulkhead might be negligence, if it had knowledge that the employee of the defendants was on the premises and about to take the scrap out; but that is not the case here.
The trial judge properly found that the negligence was solely that of the employee of the defendants; that the plaintiff and defendants were not joint tort feasors; nor were they in “pari delecto
Having made these findings of facts and they being warranted on the evidence we find no error in the treatment of the plaintiff’s requests for rulings of law. Inhabitants of Woburn v. Boston and Lowell, Railroad Corporation, 109 *142 Mass. 283. Gray v. Boston Gas Light Company, 114 Mass. 149. Churchill v. Holt, 127 Mass. 165.
Further, requests for rulings No. 1 and No. 2 did not have to be given; requests for rulings No. 1 and No. 2 are inconsistent; one of them requires the trial judge to instruct himself that he may find that the plaintiff and defendants are in “pari delecto” with each other; the other one requires that the trial judge instruct himself that he must find that the plaintiff and defendants are in “pari delecto” with each other. Hahn v. Sumner, 31 B. M. C. App. Div. 303. Kentel v. Laidlaw, 53 B. M. C. App. Div. 94.
Report Dismissed.

 The trial court’s rulings and findings on each of plaintiff’s requests are printed in italics following the request.