[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD-PARTY COMPLAINT
The motion to strike presented here raises a fundamental CT Page 10964 question of indemnification law. Frank and Linda Barberi sued the City of Meriden (the "City"), claiming that a sewer line owned and operated by the City had ruptured, causing raw sewage to back up into the basement of their home. The City then brought a third party complaint against Southern New England Telephone Company ("SNET") on two counts. The first count (the only count involved here) alleges that SNET, by "primary, active and direct negligence," installed a telephone pole directly over the sewer line and failed to inspect and maintain it. The second count (which is not really directed at SNET) claims that the City should consequently be liable to the plaintiffs for only a proportionate share of the damages under Conn. Gen. Stat. 52-572h. SNET has now moved to strike the first count of the third party complaint, arguing that the City has failed to allege an independent legal relationship between indemnitor and indemnitee that would support an indemnification claim.
In a nutshell, SNET's argument is as follows. There is an implicit requirement in indemnification cases of "an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, 23 Conn. App. 325,327, 580 A.2d 84 (1990). See Ferryman v. City of Groton, 212 Conn. 138,144, 561 A.2d 432 (1989). But the City, according to SNET, has failed to allege any legal relationship between it and SNET that would support an indemnification claim.
In ruling on a motion to strike, I must construe the facts alleged in a pleading (here the third party complaint) in the manner most favorable to the pleader. "The question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact . . . and not appropriate for disposition by the Court on a motion to strike." Atkinson v. Berloni, supra, 23 Conn. App. at 328. If the facts provable under the third party complaint would support a cause of action, the motion to strike must fail. Ferryman v. City of Groton, supra, 212 Conn. at 142.
"Ordinarily there is no right of indemnity or contribution between joint tort-feasors." Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 412, 207 A.2d 732 (1965). This rule, however, has certain exceptions. Id. Most cases that apply the traditional rule involve joint tortfeasors who independently injure the plaintiff but do not violate any duty to each other. A classic case would involve two motorists, A and B, who each run into P's car without running into each other. A and B have each violated a CT Page 10965 duty that they respectively owe to P, but neither has violated a duty to each other. Under these circumstances, there is no right of indemnification. Atkinson v. Berloni is a case very close to this. Clark, the driver of one car, signalled to Berloni, the driver of another car, to take a left turn. In so turning, Berloni collided with Atkinson. Clark and Berloni each violated a duty of care to Atkinson, but neither Clark nor Berloni violated a duty of care to each other.
This case is different. The City claims that SNET negligently placed a telephone pole over its sewer line, thus causing the sewer to rupture. Of course, this negligent action may have violated a duty of care to the Barberis, but it violated a duty of care to the City as well. If the City is correct in its allegations, the Barberis' property is not the only property negligently injured by SNET. The City's property (i.e. the sewer line) has been negligently injured as well. SNET is thus a wrongdoer to the City as well as to the Barberis.
"[W]here the defendant was a wrongdoer to the plaintiff but the plaintiff was not a wrongdoer to the defendant, although both were liable to the person injured, the plaintiff may recover contribution or indemnity, as the case may be, from the defendant notwithstanding the fact that his negligence also contributed to the third person's injury." Annotation, Contribution or indemnity between joint tort-feasors where injury to third person results from violation of a duty which one tort-feasor owes to other, 140 A.L.R. 1306, 1306-07 (1942). Gray v. Boston Gas Light Co.,114 Mass. 149 (1873), is a case illustrative of this principle. The Light Company attached a telegraph wire to Gray's house without his permission. The wire pulled down the chimney and injured a passing horse and wagon. Gray settled the suit with the injured party and brought an action against the Light Company for indemnification. The Light Company's protests that they were joint tortfeasors were unavailing. The traditional rule preventing indemnity, it was held, "does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him." Id. at 154.
The City has alleged that SNET violated a duty of care to the City and injured it as well as the plaintiffs. Because the facts provable under the third party complaint would support a cause of action, the motion to strike must be denied. CT Page 10966
Sperandeo Donegan for third-party plaintiff.
Tyler, Cooper Alcorn for third-party defendant.