## FOXLEY v. GALLAGHER et al.

No. 3396.   Decided December 1, 1919.   (185 Pac. 775.)

1. APPEAL AND ERROR—EXCLUSION OF EVIDENCE HARMLESS ERROR. Where every legitimate purpose for which a former question to which objection was sustained could have been asked was fully covered by the answer of the same witness to a subsequent question, any error in sustaining objection to the first question was harmless. (Page 301.)

2. HIGHWAYS—PASSENGERS IN AUTOMOBILE NOT LIABLE FOR COLLISION. Passengers in an automobile with the owner thereof are not liable for injuries to a motorcycle rider collided with, unless they were engaged in a joint enterprise with the owner of the car, or on their own part were negligent. (Page 301.)

3. NEW TRIAL—VERDICT MAY BE SET ASIDE BY COURT ON OWN MOTION. Under Comp. Laws Utah 1917, section 6983, in an action against several defendants, where the court considered the evidence against some of the defendants insufficient to sustain verdict against them, it should have set the verdict aside of its own motion. (Page 302.)

4. APPEAL AND ERROR—COURT DOES NOT ERR IN FAILING TO SET ASIDE VERDICT ON OWN MOTION. Where certain defendants, neither of themselves nor by their counsel, requested or moved the trial court to set aside the verdict as against them as unsupported by evidence, the assignment that the court erred in failing to act on its own motion cannot be sustained except perhaps in a very extreme case. (Page 303.)

5. APPEAL AND ERROR—MOTION FOR NEW TRIAL EQUIVALENT ON

Appeal from First District.

APPEAL TO REQUEST FOR DIRECTED VERDICT. Motion of several defendants for new trial on account of insufficiency of the evidence to justify verdict against them was equivalent to request for a directed verdict, and should have the same effect on appeal, though the motion was submitted without argument, and disposed of without specification of the particulars in which the evidence was claimed to be sufficient. (Page 303.)

6.  APPEAL AND ERROR—INSUFFICIENCY OF EVIDENCE WAIVED BY FAILURE TO MOVE FOR VERDICT AND NEW TRIAL. If after failing to move for directed verdict defendants had also failed to move for a new trial for insufficiency of evidence to sustain verdict against them, the question of the insufficiency of the evidence would not have been waived on appeal.[1] (Page 304.)

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by James H. Foxley, by his guardian ad litem, against F. H. Gallagher and others. Judgment for plaintiff, and defendants appeal.

REVERSED and cause remanded for new trial.

*Joe W. Rozzelle*, of Salt Lake City, for appellants.

*W. J. Lowe* and *Charles E. Foxley*, both of Brigham, for respondent.

THURMAN, J.

The plaintiff, James H. Foxley, a minor, while traveling on a motorcycle in a northerly direction, October 27, 1918, on a public highway in Box Elder county, Utah, came in collision with an automobile driven in the opposite direction by F. H. Gallagher, one of the defendants. The plaintiff received serious personal injuries in the collision, and his motorcycle was likewise considerably damaged.

Plaintiff, by his guardian ad litem, James G. Foxley, brought this action to recover damages for the injury so sus-

---

[1] *Law* v. *Smith*, 34 Utah, 395, 98 Pac. 300.

tained. A jury found the issues in favor of plaintiff, and judgment was entered thereon. All of the defendants appealed from the judgment, but the appeal of the defendant F. H. Gallagher was abandoned. Two errors are relied on for a reversal of the judgment: (1) The exclusion of certain evidence offered by defendants; and (2) the insufficiency of the evidence to justify the verdict.

The automobile was owned and driven by the defendant F. H. Gallagher; the other defendants were his wife and friends. The business upon which they were traveling appears to have been a Sunday excursion for pleasure, from Salt Lake City to Logan and return. It is claimed by respondent that appellants were engaged in a joint enterprise with the driver, F. H. Gallagher, whose negligence caused the collision, and that appellants are therefore jointly liable for the injury. On the other hand, appellants contend they were merely invitees of Gallagher, had no control whatever over his conduct and management of the machine, and were in no manner responsible for the injury. The only evidence relied on by respondent in support of his contention as to a joint enterprise is the testimony of one of the appellants, Jerry Toomey, who testified in substance that he had been invited by the Gallaghers to take this trip. He said he thought he would be permitted to pay his share of the expenses. He had no understanding with Gallagher to that effect, but was told by defendant Schaaf "it was to be fifty-fifty." He paid his portion of the gasoline expense to defendant Schaaf, who settled with Gallagher. This phase of the case will be referred to later.

During the trial of the case one Charles Whitworth was sworn as a witness for defendants. He was conducting a garage business at Brigham City, was called by defendant F. H. Gallagher to visit the place where the collision occurred on the evening of the accident. It was dark when he arrived there and was raining very hard. After describing his efforts to remove the automobile from the road and his experience as a garage man, he was asked in substance to state, in view of all he saw and did concerning the automobile, and in

view of his experience as a garage man, whether, the automobile was on the east or west side of the road at the time of the collision. The question was objected to by respondent and objection sustained. The question appears to be somewhat involved. It asks not only as to what the witness saw and did respecting the automobile in order to reach a conclusion as to its position at the time of the collision, but also includes as a factor his experience as a garage man. However, this assignment of error is without merit for the reason that the witness was asked on redirect if he had made any examination for the purpose of determining the position of the automobile, as to whether it was on the east or west side of the road when the collision occurred, and he answered he did not. Every legitimate purpose for which the former question could have been asked was fully covered by the answer of the witness.

On the question of the insufficiency of the evidence to sustain the verdict appellants contend that as against them there was no evidence whatever as to their negligence or responsibility for the accident; that they were merely invitees of defendant F. H. Gallagher, who owned and drove the automobile, and, as before stated, had nothing whatever to do with his control and management of the machine. Under these circumstances they insist that the evidence against them is wholly insufficient to support the judgment. In our opinion this contention of appellants is unassailable. There is no evidence whatever of their participation in a joint enterprise in a legal sense so as to render them liable, nor is there evidence of any act or omission on their part constituting negligence. 33 Cyc. 1015 to 1017, inclusive. Even the trial court seemed to appreciate the fact that the verdict was wrong as to some, if not all, of the appellants. Respondents, however, attempt to meet this situation by the undisputed fact that appellants made no motion for a nonsuit at the close of plaintiff's evidence, nor any request for a directed verdict when the case was submitted to the jury. It is apparently assumed by respondent's counsel that, no matter how insufficient the evidence may be, or whether or not there

is any evidence at all to support a particular hypothesis, if a party omits to move for a nonsuit, or to request a peremptory instruction, the court can give him no relief unless the court of its own motion sees fit to set the verdict aside. The trial court seemed to be imbued with the same idea. The record discloses that at the time the attempted appeal of defendant F. H. Gallagher was disposed of the court said:

"The record may show in this case that at the time the case was tried there was no motion for a nonsuit. The fact is the court expected the defendant's counsel to make a motion for nonsuit as to some of these defendants. The court also expected and looked for a motion for a directed verdict as to some of the defendants. That was not made, and it appears to the court that the defendant Gallagher desired to have all these parties retained for some purpose, thinking he would be benefited thereby. I also expected there would be a motion for a new trial on this ground. And at the time the motion for a new trial was made I asked the parties to proceed to argue. It was submitted without argument. There was no one here to press the motion, and if there had been a motion made, I want to say now, no doubt, some of these defendants, not designating which ones, would have been dismissed. This statement may be inserted in lieu of the court's inserting it in the settlement of the bill, because I want the Supreme Court to know just what the record was."

The excerpt quoted demonstrates conclusively that the trial court not only understood that the evidence against some of the defendants was insufficient to sustain a verdict against them, but also considered itself powerless to grant relief. In this respect the court was in error. Understanding and viewing the case as it did, the just and prudent thing for the court to have done would have been to set the verdict aside. Comp. Laws Utah 1917, section 6983, provides:

3

"The verdict of a jury may also be vacated and a new trial granted by the court in which the action is pending on its own motion, without the application of either of the parties, when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice."

We are not disposed, however, to go so far as to hold that the court committed reversible error in failing to act

upon its own motion. Besides, the failure of the court       4
to act in the present case is not assigned as error, and,
if it had been, such assignment should not prevail. *Hartford
Life Ann. Ins. Co.* v. *Unsell,* 144 U. S. 439, 12 Sup. Ct. 671,
36 L. Ed. 496; *Home Fire Ins. Co.* v. *Phelps,* 51 Neb. 623, 71
N. W. 303; *Johnson* v. *London G. & A. Co.,* 115 Mich. 86, 72
N. W. 1115, 40 L. R. A. 440, 69 Am. St. Rep. 549. It would
be an extreme case in which a trial court should be held re-
sponsible for not acting upon its own motion in behalf of a
party litigant when that party by himself or counsel fails or
neglects to seasonably make a request or motion, for such
action on the part of the court. Our only justification for
dwelling upon this matter is because the question was mooted
in the oral argument.

Notwithstanding appellants omitted to move for a nonsuit
or request a directed verdict, they did, nevertheless,
move for a new trial on several grounds, one of which       5
was insufficiency of the evidence to justify the verdict.
That was equivalent to a request for a directed verdict and
should have the same effect on appeal. The fact that the mo-
tion was submitted without argument and disposed of by the
court without specification of the particulars in which the
evidence was claimed to be insufficient does not alter the case.
The trial court heard the facts at the trial. A motion for new
trial on the grounds of insufficiency of the evidence was suffi-
cient as a remainder and made it the duty of the cour to
review the evidence. The notice and motion was a full com-
pliance with the provisions of Comp. Laws Utah 1917, sec-
tions 6978 and 6979, relating to notice and motion for a new
trial.

If, however, after failing to move for a directed verdict,
appellants had also failed to move for a new trial on the
grounds mentioned, respondent's contention would have been
correct and amply sustained by many of the authorities cited.
*Reed* v. *Scott,* 50 Okl. 757, 151 Pac. 484; *Wakely* v. *Johnson,*
115 Mich. 285, 73 N. W. 238; *Shmit* v. *Day et al.,* 27 Or. 110,
39 Pac. 870; *Seeman et al.* v. *Levine et al.,* 205 N. Y. 514, 99
N. E. 158; *Oaks* v. *Samples,* 57 Okl. 660, 157 Pac. 739; *Hei-*

*man* v. *Felder*, 178 Iowa, 740, 160 N. W. 234; *Barcus* v. *Prokop*, 29 S. D. 39, 135 N. W. 756.

Many of the cases last cited go to the full extent claimed by respondent, that moving for a new trial on the grounds of insufficiency of the evidence and adverse ruling thereon excepted to will not save the question on appeal. Within the purview of those cases the question can only be raised by motion for a nonsuit or by request for directed verdict. Such seems to be the effect of the decisions cited from Oregon and Oklahoma.

But, whatever may be the holding of the courts in other states under their local statutes upon this important question of practice, the question here is no longer open. It was definitely and conclusively determined in the case of *Law* v. *Smith*, 34 Utah, 395, 98 Pac. 300. The case is a leading one in this jurisdiction and deserves more than a passing notice. The plaintiff, Law, as county attorney of Cache county, brought an action, under certain provisions of the statute, against the sheriff of the same county to remove him from office. The case was tried to a jury. At the close of the evidence each of the parties moved the court for a directed verdict in his favor. The court refused the motion of plaintiff, granted the motion of defendant, and judgment was entered accordingly. Plaintiff, without moving for a new trial, appealed from the judgment, assigning as error the refusal of the court to grant his motion and also the ruling in favor of defendant. Respondent, on appeal, contended that this court could not review the evidence because no motion had been made in the court below for a new trial. The court held against this contention, reversed the judgment, and granted plaintiff a new trial. The reasons given are cogent and convincing. The opinion, written by Mr. Justice FRICK, was unanimously concurred in by his associates. After stating argumentatively the reason for its conclusion, the court said:

"So, likewise, in case a party desires to challenge the verdict of a jury upon the ground that the verdict is not sustained by the evidence, he must do so by a motion for a new trial, unless during the trial he raised the legal question involved by a motion for a

nonsuit or for a directed verdict. Unless he has presented either a motion for a nonsuit or for a directed verdict, the trial court has had no opportunity to pass upon the legal sufficiency of the evidence during the trial, and cannot do so unless a motion for a new trial upon the ground of the insufficiency of the evidence is presented to it. When, however, a motion for a nonsuit or a motion for a directed verdict has been made and ruled upon, the court has had the opportunity to pass upon the legal sufficiency of the evidence precisely the same as upon a motion for a new trial, and hence the latter motion, for the purposes of a review, may be dispensed with. In this way all the orders, rulings, and decisions of the trial court, whether made during the trial or on motion for a new trial, can be brought before this court for review, and on all of them the court need to pass judgment but once. Any other holding would bring about the incongruity of requiring the trial court to pass twice on some matters, while it may do so but once on others."

It is not necessary to interpose any explanation as to the meaning of the language quoted. It is self-explanatory, and in the opinion of the writer effectually determines the law of this jurisdiction upon the point in question. The decision in that case is clearly decisive of the question presented here, and, as the court as now constituted is in hearty accord with both the conclusions reached and the reasons given therefor, we feel both legally and morally bound to adopt the rule there laid down as controlling in the case at bar.

Counsel for respondent have referred to several Utah cases all of which go to the point that this court will not consider questions not raised in the trial court. As such cases have no application whatever to the question presented here, we have not taken the trouble to cite them in this opinion.

The judgment of the trial court as to appellants is reversed, and the cause remanded for a new trial. Appellants are awarded costs on appeal.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.