New York Consolidated Railroad Company, Respondent, v. Massachusetts Bonding and Insurance Company, Appellant.

Second Department, October 8, 1920.

Insurance — policy indemnifying railroad and contractor against liability for injuries caused by negligence — liability of insurer assuming defense of negligence action against railroad and contractor for failure to conduct defense in good faith — appeal — absence of exception raising questions of law — plenary power of Appellate Division to grant new trial because fair trial not had — when rule that there is no right of contribution between joint tort feasors does not obtain — acts of negligence not identical — when contractor causing injury liable to railroad against whom judgment has been obtained.

Where the defendant, an insurance company, issued policies indemnifying both the plaintiff, a railroad corporation operating an elevated system, and also a contractor who was making changes in the plaintiff's elevated platform against liability for accidents, and pursuant to the terms of said policies both the plaintiff and the contractor were forbidden to interfere in any legal proceedings, and during the trial of an action brought against the plaintiff herein and said contractor as joint tort feasors, by a person injured by falling into a hole in the platform left by the contractor during the course of construction, the defendant insurance company, anticipating that the contractor might be called by the plaintiff in that action, induced him to leave the courtroom so that he did not respond when called by the plaintiff herein, with a result that the complaint was dismissed as to the contractor and a judgment was entered only against the plaintiff herein the latter having paid that judgment may recover over against the insurance company.

Although there was no exception raising questions of law in the action brought by the plaintiff against the insurance company, if the court erroneously submitted to the jury the question of the defendant's liability for its breach of duty to properly defend the prior action, the Appellate Division under its plenary power may grant a new trial, not because of an error of law, but because a fair trial has not been had.

Although as a general rule there is no right to contribution between joint tort feasors, the doctrine does not apply where there is no question of contribution but one of indemnity, as where one of the two parties is guilty of an original affirmative act of negligence which caused the injury and the other is held liable for a failure in some subsequent and different duty. In such case there is an action for indemnity against the one whose original negligent act caused the injury.

Thus where the contractor constructing the elevated platform created a dangerous condition which caused the injury and the only negligence of the railroad company was its failure in the duty of warning or protecting its passengers, the liability for a personal injury should be borne by the contractor.

When a casualty company to protect itself from liability assumes the defense of an action, to the entire exclusion of the defendant on the record, it should be held to a strict rule of good faith in conducting the defense, and when in its own interest it deprives the defendant of a substantial advantage in the course of the trial, it should be held liable for the damage naturally resulting thereby.

APPEAL by the defendant, Massachusetts Bonding and Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of May, 1919, upon the verdict of a jury for $12,200.53, in addition to a verdict for $12,584.03, rendered by direction of the court, and also from an order entered in said clerk's office on the 26th day of May, 1919, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Maxwell Steinhardt* [*Emory R. Buckner* with him on the brief], for the appellant.

*D. A. Marsh* [*H. L. Warner* and *George D. Yeomans* with him on the brief], for the respondent.

BLACKMAR, J.:

This action was brought to recover the amount of a judgment which plaintiff had been compelled to pay to Harry Barnsley

Second Department, October, 1920.          [Vol. 193.

for injuries received by him in attempting to enter an elevated railroad train operated by plaintiff.   The injuries were caused by falling into an open hole in the railroad platform, made by a contractor, Burnham, who was doing repair and alteration work upon the platform pursuant to a contract with the New York Municipal Railway Corporation.

The complaint contains in effect two causes of action. One upon a policy of insurance written by the defendant company indemnifying the plaintiff to the extent of $10,000 against liability for accidents such as was the basis of the Barnsley action.   Upon this no question is made of the liability of defendant.   The other for violation by the defendant of its duty in conducting the defense, which it had assumed for plaintiff pursuant to the terms of the policy.   This appeal brings in question the judgment so far as it is based upon the latter cause of action.

The defendant had not only indemnified the plaintiff to the extent of $10,000, but also by a like policy it had indemnified the contractor, Burnham, in the sum of $5,000.   Both policies gave to the insurance company the right to defend any action brought for a cause within the terms of the policy, and provided that the assured should not interfere in any legal proceeding.

Barnsley having been injured brought an action against both the plaintiff herein and the contractor Burnham.   The defendant herein assumed the defense both of plaintiff and Burnham.   During the trial of the action a question arose as to the sufficiency of the evidence to establish the fact that the contractor Burnham made the hole in the platform into which Barnsley fell.   Burnham had not been subpœnaed by plaintiff but was in the courtroom at the request of the defense, and pending the discussion as to the sufficiency of the evidence against him was called by plaintiff to take the witness stand; but the defense, apprehending that plaintiff would call him as a witness, had him removed from the court room and dismissed, so that he did not respond when called.   At the close of the evidence, a motion having been made to dismiss the complaint as to defendant Burnham, the trial court reserved decision, and submitted the case to the jury, who rendered a verdict for $20,000 against both defendants.   On motion by

defendant Burnham the court set aside the verdict and dismissed the complaint as to him on the reserved motion. After the judgment against the plaintiff was unanimously affirmed by the court (*Barnsley* v. *New York Consolidated R. R. Co.,* 174 App. Div. 931), the plaintiff paid it, and brought this action against the insurance company. Upon the trial of the action it sufficiently appeared that had Burnham been permitted to testify in the Barnsley case the verdict against him could not have been disturbed, and the judgment would have run against both the plaintiff and Burnham instead of against the plaintiff alone. The evidence also justified the finding of the jury that defendant prevented plaintiff Barnsley from calling defendant Burnham in order to avoid liability on the Burnham policy.

I find no exception in this case which raises a question of law. But if it was error to submit to the jury the question of defendant's liability for breach of its duty to properly defend the action, we may reverse under our plenary power although no exception was taken. Such reversal, however, would not be for error of law, but because a fair trial was not had. (*McKellar* v. *American Synthetic Dyes,* 229 N. Y. 106.)

The defendant was under a duty to plaintiff to defend the Barnsley action with a single eye to plaintiff's interests. If plaintiff was injured by the failure of Barnsley to hold Burnham jointly liable with it, the defendant failed in its duty, and the fact that it owed a duty to Burnham conflicting with that to plaintiff is no answer. It voluntarily placed itself in ·that position when it wrote both policies, and must abide the consequences. The question, therefore, is this: Had the plaintiff a legal interest that the judgment should run also against Burnham? As a practical thing, we know that where a plaintiff sues two defendants in tort, each defendant desires that if plaintiff makes out a case against it the other shall also be held liable. For instance, in this case had the judgment been against both defendants there is a chance that plaintiff therein might have chosen to enforce it against Burnham. But this rests in pure conjecture and could not alone sustain the judgment rendered in the action.

I think, however, there is something more in this case. Upon the facts proved the plaintiff had a cause of action

against Burnham to indemnify it for being cast in damages because Burnham made the hole in the platform and left it unguarded.

The general rule is that in the case of joint tort feasors there is no contribution. (*Merryweather* v. *Nixan*, 3 Smith L. C. [9th ed.] 1798.)   That doctrine does not apply to this case. Here there is no question of contribution, but of indemnity. The rule that there is no contribution obtains only when they are joint tort feasors in the same act of negligence. But where one of the two parties is guilty of the original affirmative act of negligence which caused the injury, and the other is held liable for a failure in some subsequent and different duty, then such other may have an action for indemnity against the one whose original negligent act caused the injury. (*Oceanic S. N. Co.* v. *Co. T. E.*, 134 N. Y. 461; *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149; *Churchill* v. *Holt*, 127 id. 165; *Boston Woven Hose, etc., Co.* v. *Kendall*, 178 id. 232; *Washington Gas Co.* v. *Dist. of Columbia*, 161 U. S. 316; *Union Stock Yards Co.* v. *Chicago, etc., R. R. Co.*, 196 id. 217.)

In *Oceanic S. N. Co.* v. *Co. T. E.* (*supra*), the plaintiff, a lessee of a pier from the city of New York, sublet it to the defendant. The defendant permitted a boat to receive its cargo at the pier. John Cleary, a stevedore, while engaged in loading the vessel, was injured by a sliding door on the pier falling upon him. He brought an action against the plaintiff as lessee of the pier, and recovered judgment. The plaintiff then brought the action against the defendant for indemnity and it was held that it could recover. Follett, Ch. J., writing for the court, cited *Gray* v. *Boston Gas Light Co.* (114 Mass. 149), *Churchill* v. *Holt* (127 id. 165) and other cases, saying: " Sufficient cases have been cited to show that one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not, and that the right to indemnity does not depend upon the fact that the defendant owed the plaintiff a special or particular legal duty not to be negligent. The right to indemnity stands upon the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled   *   *   *   to pay

the damages which ought to have been paid by the wrongdoer, they may be recovered from him."

In *Gray* v. *Boston Gas Light Co.* (114 Mass. 149) a telegraph wire was fastened to plaintiff's chimney without his consent. The weight of the wire pulled the chimney into the street to the injury of a passerby. The property owner, having settled for the injury, recovered indemnity from the defendant. The court said: " This rule [that there is no contribution among tort feasors] does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not *in pari delicto* as to each other, though as to third persons either may be held liable."

*Churchill* v. *Holt* (127 Mass. 165) was a case where the occupant of a building was held liable for the negligence of the defendant in leaving a hatchway open and unguarded, and it was held that he might have indemnity.

The limitation of the rule in *Union Stock Yards Co.* v. *Chicago, etc., R. R. Co.* (196 U. S. 217) is enlightening as to its true scope. There the defendant had furnished the plaintiff a car which was defective, but it was not shown that the defect had been caused by the defendant's negligence. The only negligence of defendant was failure to inspect. Because of the defect an employee of plaintiff was injured and recovered damages against plaintiff. The negligence of plaintiff was also failure to inspect the car. It was held that the parties were *in pari delicto* because the negligence of both was of the same character, to wit, a failure to inspect, and that it did not make any difference that the negligence of defendant preceded that of the plaintiff in point of time.

In the case at bar, however, the negligence of the parties was not of the same character; that of Burnham was an affirmative act which created a dangerous condition; that of the plaintiff was a failure of the duty of warning or protection which it owed its passengers. Both justice and authority concur that as between the parties the loss should be borne by Burnham.

It may be said that the right of indemnity was not lost by

the fact that Barnsley failed to recover against Burnham; that it still exists unimpaired and may be enforced by an action against Burnham. This is undoubtedly true, and yet I conceive that plaintiff had an interest that judgment should run against Burnham as well as itself in the Barnsley action. In that case it would have been competent for the plaintiff to pay the judgment, take an assignment and enforce it against Burnham. Of this remedy the defendant by violating its duty has deprived the plaintiff and should be liable for the loss occasioned thereby. When a casualty company to protect itself from liability assumes the defense of an action, to the entire exclusion of the defendant on the record, it should be held to a strict rule of good faith in conducting the defense (*Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 815; affd., 210 N. Y. 235), and when in its own interest it deprives the defendant of a substantial advantage in the course of the trial, it should be held liable for the damages naturally resulting thereby. The plaintiff having lost the right to subrogation against Burnham by paying the judgment, the court will not in the interest of the defendant, who has for self-interest violated its duty, inquire whether the same result might be secured by bringing an action against Burnham. The chance of recovering a judgment is not the equivalent of a judgment actually obtained. (*McAleenan* v. *Massachusetts Bonding & Ins. Co.*, 173 App. Div. 100; affd., 219 N. Y. 563.)

I advise that the judgment and order be affirmed, with costs.

Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

Judgment and order unanimously affirmed, with costs.