470 P.2d 393

Scott BRIGHAM, by Frank E. Brigham, Guardian Ad Litem, Plaintiff and Appellant,

v.

MOON LAKE ELECTRIC ASSOCIATION, Inc., a Utah corporation, Defendant and Respondent.

No. 11869.

Supreme Court of Utah.

June 8, 1970.

Denis R. Morrill, Gerald R. Miller, Kenneth W. Yeates, of Mulliner, Prince & Mangum, Salt Lake City, for plaintiff and appellant.

Stephen B. Nebeker, James L. Wilde, of Ray, Quinney & Nebeker, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

Scott Brigham, a lad of ten years, sues for personal injuries occasioned when he came in contact with defendant's high tension wire.

The defendant is a power company furnishing electricity to residents of northeastern Utah and northwestern Colorado. One of defendant's poles supporting a pair of electric wires charged with 7200 volts had fallen down so that the wire slanted downward from the standing poles almost to the ground where the fallen pole was located.

Scott, his father, two brothers, and a neighbor boy were searching for Indian arrowheads in an isolated part of the state. Scott was following his fifteen-year-old brother, whose forehead came in contact apparently with the grounded wire, since the brother was not hurt as he passed thereunder. Scott asked if they were electric wires, and the brother said, "No." In going under the wire, Scott reached up and touched the charged wire and was severely injured.

On trial the jury found the defendant to be negligent and Scott to be contributorily negligent and further found that the negligence of each was a proximate cause of the injury. Judgment was entered for the defendant, and the plaintiff appealed, alleging three grounds of error:

1.  That under the circumstances the defendant was strictly liable;

2.  That contributory negligence is not a defense to strict liability; and

3.  That the evidence did not warrant the submission to the jury of the question of contributory negligence.

We will discuss the claims in the order made.

### Strict Liability

A high tension transmission wire is one of the most dangerous things known to man. Not only is the current deadly, but the danger is hidden away in an innocent-looking wire ready at all times to kill or injure anyone who touches it or comes too near to it. For the average citizen there is no way of knowing whether the wire is

harmless or lethal until it is too late to do anything about it. Therefore, a high degree of duty is upon one who transmits electricity in high tension wires to see that no harm befalls a person rightfully in proximity thereto when that person is himself guilty of no wrongdoing. In other words, the highest degree of care must be used to prevent harm from coming to others.

■ This does not mean that one who supplies electricity to the public is strictly liable without regard to fault,[1] as may be the case of one who keeps a wild and ferocious animal. The reason for the distinction lies in the use to which the dangerous thing is to be put. Our civilization could not exist without electricity, and those who supply it are benefactors to mankind. Therefore, the high degree of care required may be said to be reasonable care in view of the great potential danger involved. The amount of care to avoid negligence always varies with the risk of harm which is known or under the circumstances ought to be known to exist.[2] We, therefore, reject the contention of the plaintiff that the defendant in this case is absolutely liable to the plaintiff regardless of negligence.

*Contributory Negligence*

■ Since the defendant is not an insurer of the safety of those who may be injured by coming in contact with its electric wires, it is proper for the jury to pass on the question of contributory negligence on the part of the plaintiff herein.[3]

*Does the Evidence Justify a Finding of Contributory Negligence?*

■ Since the jury found contributory negligence on the part of the plaintiff, under the prior rulings of this court we are required, on appeal, to view the evidence in the light most favorable to the prevailing party.[4] However, it is not correct to say that a case must be reversed even though it may appear to us that the defendant was negligent and the plaintiff not contributorily negligent as matters of law. The following provision is found in Article VIII, Section 9, of the Utah Constitution:

* * * In equity cases the appeal may be on question of both law and fact; in cases at law the appeal shall be on questions of law alone. * * *.[5]

■ Wherever it is said that we can reverse a trial court if the facts as established by the evidence will not sustain the verdict, it is meant that the court commit-

1. 26 Am.Jur.2d, Electricity, Gas, and Steam § 39.

2. 26 Am.Jur.2d, Electricity, Gas, and Steam § 42; annotation, 69 A.L.R.2d 15 (1960).

3. Sec. 15 of the annotation in 174 A.L.R. at page 1095 (1948).

4. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).

5. Implemented by Sec. 78-2-2, U.C.A.1953.

ted an error of law in ruling or failing to rule as he did. This court on appeal cannot reverse a trial court on the facts of a law case but only if there be an error of law.

■ In the instant case the theory of plaintiff was one of strict liability on the part of the defendant to which contributory negligence would not be a defense. However, the plaintiff requested and caused to be given an instruction to the jury regarding the issue of negligence on the part of the plaintiff. Since the plaintiff requested such an instruction, the trial court cannot be reversed for giving it.

■ No motion was made nor instruction requested for a directed verdict, and while the court could have granted one of his own motion if the evidence in the case was such that it would not sustain a verdict, still it is not reversible error in such a case for the trial court to fail to do so.[6]

■ No motion for a new trial was made by plaintiff, and so the trial court was not given an opportunity to correct the verdict rendered by the jury. An appellate court ought not to do that which was not requested of the trial court. The recent case of Price v. Sinnott, 460 P.2d 837, 841 (Nev.1969), states the law:

\* \* \* It is solidly established that when there is no request for a directed verdict, the question of the sufficiency of the evidence to sustain the verdict is not reviewable. [Citations omitted.] A party may not gamble on the jury's verdict and then later, when displeased with the verdict, challenge the sufficiency of the evidence to support it.

In the case of Christensen v. Stuchlik, 91 Idaho 504, 427 P.2d 278, 280, 281 (1967), the court said:

The failure of the appellant here to present to the trial court a motion for directed verdict not only foreclosed the trial court from consideration of his motion for judgment notwithstanding the verdict, but under decisions interpreting the Federal Rules of Civil Procedure, such failure precludes the appellate court from reviewing the sufficiency of the evidence to sustain the verdict. \* \* \*

In the case of Law v. Smith, 34 Utah 394, 98 P. 300 (1908), this court held:

\* \* \* If the evidence, therefore, is without conflict, and is such that no conflicting inferences are permissible, or if such be the case, if, when all of the evidence together with the inferences to be deduced therefrom, when most favorably considered in favor of the plaintiff, still lacks some essential element in making out his case, the question as to what the verdict shall be is one purely of law for

6. Foxley v. Gallagher, 55 Utah 298, 185 P. 775 (1919).

the court to pass on. The same would be true if the defendant under like circumstances failed in proving some essential element necessary to make out a defense. In the one instance the court would direct a verdict against the plaintiff; in the other against the defendant. In either case the question would be one of law, which would have to be applied to the uncontroverted facts.

* * * If a request to direct a verdict is made, the trial court is required to grant or refuse it. * * * If the court errs in directing or in refusing to direct a verdict under such circumstances, the error is one of law which is reviewable by this court * * *. This court, no more than the trial court, examines into the evidence for the purpose of weighing it, or for the purpose of determining whether under the evidence certain facts are established or not; but we have recourse to it only for the purpose of determining what the result shall be when the law is applied to the undisputed or conceded facts upon which the trial court passed in either directing or refusing to direct a verdict. * * *

* * * [I]n case a party desires to challenge the verdict of a jury upon the ground that the verdict is not sustained by the evidence, he must do so by a motion for a new trial, unless during the trial he raised the legal question involved by a motion for a nonsuit or for a directed verdict. Unless he has presented either a motion for a nonsuit or for a directed verdict, the trial court has had no opportunity to pass upon the legal sufficiency of the evidence during the trial, and cannot do so unless a motion for a new trial upon the ground of the insufficiency of the evidence is presented to it. When, however, a motion for a nonsuit or a motion for a directed verdict has been made and ruled upon, the court has had the opportunity to pass upon the legal sufficiency of the evidence precisely the same as upon a motion for a new trial, and hence the latter motion, for the purposes of a review, may be dispensed with. * * *

The reasons behind the rule which prevents an appellate court from reversing a law case solely because the evidence does not support the verdict are (1) its function is only to review the action of the trial court, and it does not and cannot review the actions of the jury itself, and (2) it does not review issues on appeal which were not raised below except to affirm the trial court.[7]

On appeal, the burden is upon the appellant to convince us that the trial court committed error and not that the appellant

7. Limb v. Federated Milk Producers, 23 Utah 2d 222, 461 P.2d 290 (1969); 5 Moore Fed. Pro. 50.05 (1).

should have won the case. We are unable to find any reversible error in any of the rulings made by the trial judge, and we decline to do for the plaintiff that which he never requested of the lower court.

The judgment is affirmed. No costs are awarded.

CALLISTER and TUCKETT, JJ., concur.

Further Opinion By ELLETT, Justice.

The dissent sees an inconsistency in a special verdict where none exists. Rule 49(a), U.R.C.P., permits the trial court to require a special verdict from the jury wherein written findings are returned upon each disputed issue of fact. The court then applies the law to the facts as found and renders the verdict.

The special verdict was devised to relieve the jury of attempting to apply the law in a complicated case to the facts in arriving at a verdict. Instructions to the jury are thus simplified, and the jurors may, therefore, concentrate upon the functions which belong to them, viz., to find the facts in the case. A general verdict honestly arrived at should always be the same as a judgment based upon a special verdict wherein the facts are honestly found.

The dissent says, "The jury proceeded to determine and award him the damages." It is the law which gives or withholds an award. The jury finds the facts, and in the case of a general verdict applies the law as explained by the judge in order to arrive at a proper verdict. In case of a special verdict, the jury only finds the facts, and the court applies the law thereto and renders the verdict. Instead of awarding damages to the plaintiff, the jury merely determined the amount of damages which he had sustained. This finding is not inconsistent with the other findings as the amount of damage which he sustained is not at all affected by any determination of whose fault was the cause thereof.

There were three disputed issues to be determined at the trial of this matter: (1) Was defendant negligent and was it a proximate cause? (2) Was the plaintiff contributorily negligent, and was it a proximate cause? (3) The amount of damages. While hindsight now reveals that it was not necessary to determine the amount of damages, there is no inconsistency in knowing the answer. It was a wise precaution taken by the judge, so that if this court on appeal should find that there was error and that the verdict should have been in favor of the plaintiff, it would not be necessary to have another trial. We could simply order the trial court to render a judgment in favor of the plaintiff for the amount of damages found by the jury.

While the Supreme Court is limited by the Constitution (Article VIII, Section 9)

to consider errors of law, the trial court is not so restricted. If the judge who tried this case thought that the jury gave a false answer to a question in the special verdict, he should not have received it, or he should have granted a new trial. If the evidence was such that reasonable men could not have disagreed upon an answer, then it should not have been submitted to the jury, and the proper judgment could have been given despite the answer.

When we on this court try to do justice in a law case, we become jurors and thereby give notice to litigants that if they are dissatisfied with the judgment below, they can have a new trial by appealing, and if WE do not think they got a just verdict below, we will see that they get it regardless of whether there were any errors of law committed during the trial. That is too great a burden for and not a function of this court. We should not reverse the trial court simply because we disagree with the jury.

HENRIOD, Justice (concurring).

I concur. I feel inclined to add, however, that in my opinion the dissent suggests a subtle approval of the welfare state, the doctrine of liability without fault, an intimation that judges better might be employed as case workers,—all modern-trend eye-catchers,—and all presumably in the name of justice. The dissent, in saying "In view of such conflict it seems to me *unfair* that special verdicts favoring the *plaintiff* should be *ignored* and those *favoring* the *defendant given effect.* I would agree that the reverse is likewise true," appears to be an endorsement of the strange doctrine that where a jury finds that a plaintiff was damaged in a certain amount but *also* finds that there is no liability on the part of defendant, the defendant should be required to pay anyway.

CROCKETT, Chief Justice (dissenting).

It is difficult for me to reconcile the principle of justice under the law with the concept that court procedure is like a machine which rolls so blindly and inexorably on that neither the trial court nor this court is able to rectify what impresses me as an obvious injustice. I say this because the effect of this decision is to take away from the plaintiff, a 10-year-old boy, a special verdict in which the jury found he had suffered damages in the sum of $736.80 actual expenses (special damages) and $2500 general damages which I think it fair to assume that they intended and believed he was to receive.

The question arises: Why not enter judgment on that verdict? The answer is that there is an inconsistency because they found plaintiff guilty of contributory negligence. The next question arises: Which verdict of the jury should prevail? Wouldn't it be just as logical to honor the verdict favoring the plaintiff and ignore

the verdict favoring the defendant as vice versa? In view of such conflict it seems to me unfair that the special verdicts favoring the plaintiff should be ignored and those favoring the defendant given effect. I would agree that the reverse is likewise true. From the facts that after finding the plaintiff guilty of contributory negligence, and that it proximately caused his injury, the jury proceeded to determine and award him the damages above mentioned, the logical conclusion is that the jury was confused by the various special verdicts submitted.

In addition to the foregoing, and even more important, is the fact that I cannot see any basis whatsoever in the evidence to justify submitting the question of plaintiff's negligence to the jury. It is my opinion that in observing his older brother, who preceded him under the wire, and in making inquiry before he attempted to pass, he exercised at least the degree of care which a boy ten years of age should be expected to observe. (The main opinion makes no suggestion to the contrary). It was therefore error for the defendant to request, and for the trial court to submit, the issue of the plaintiff's contributory negligence to the jury.

In fairness to the decision of this court, I must concede that the main opinion is

correct as to these aspects of procedure: (1) that plaintiff's requested instruction No. 12 did deal with the duty of care imposed upon a child, which would seem to indicate an assumption on the part of plaintiff's counsel that the issue of plaintiff's contributory negligence would be submitted; (2) that he did not make a motion for a directed verdict on that issue; (3) nor did he ask for a new trial. Nevertheless, under the particular circumstances of this case, I do not think that the trial court and this court should consider themselves powerless to rectify an injustice.

My conclusion is consistent with the spirit and purpose of our rules of procedure.

Rule 1(a), U.R.C.P., provides in part that:

\* \* \* they shall be liberally construed to secure the just, speedy, and inexpensive determination of every action;

and Rule 51 states that:

\* \* \* Notwithstanding the foregoing requirement, [stating objections and the grounds therefor] the appellate court, in its discretion and in the interests of justice, may review the giving or failure to give an instructon.

There is both text and case law supporting this practical view of doing justice.[1]

---

1. See 4 C.J.S. Appeal and Error § 332, p. 1077, noting exception to the general rule, stating that, "notwithstanding the absence of exceptions in the trial court, alleged errors in submitting issues to a jury may be considered on appeal when

For the reasons discussed above: (1) there was an obvious impropriety in giving the instruction and in submitting the question of the plaintiff's contributory negligence where there was no evidence to justify doing so; (2) the special verdicts arrived at were themselves inconsistent; which (3) seem to indicate that the jury was confused by the verdicts, it is my opinion that the interests of justice would best be served by remanding this case for a retrial upon all issues.

required in the interest of justice." Citing, N. Y. Con. R. R. Co. v. Mass. Bonding & Ins. Co., 184 N.Y.S. 243, 193 App.Div. 438, affirmed 135 N.E. 912, 233 N.Y. 547, wherein the court states that "if it was error to submit to a jury a question of the defendant insurer's liability * * * the *appellate court may reverse under its plenary power, although no exception was taken below,* * * * because a fair trial was not had." And cf. Sutton v. Otis Elevator Co., 68 Utah 85, 249 P. 437, where the court held that in special circumstances in the interest of justice failure to give proper instructions was reviewable an appeal, though no such instructions were requested.