480 P.2d 140

Harold A. SCHLUETER, Plaintiff
and Appellant,

v.

SUMMIT COUNTY, TOWN OF KAMAS,
and the South Summit County Fire Pro-
tection District, Defendants and Respond-
ents.

No. 11970.

Supreme Court of Utah.

Jan. 27, 1971.

258

Wendell P. Ables, Salt Lake City, for plaintiff and appellant.

Tel Charlier, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

■ This is an appeal from a dismissal of the case after all of the evidence was in. The trial of the matter was to the court, sitting without a jury, and so the dismissal is to be treated as if a judgment of no cause of action had been rendered in favor of the defendants. Therefore, if there is competent evidence to sustain the ruling under applicable principles of law, we should affirm the trial court.[1]

There is very little dispute in the facts as revealed by the evidence, and substantially they are as follows:

The South Summit Fire Protection District was organized pursuant to statute and had the right to levy taxes for the expenses of operation. About 12 or 15 years ago a fire protection district was organized for all of Summit County, and the South Summit Fire Protection District then ceased to operate. Citizens of the Town of Kamas thereafter formed a voluntary fire protection organization which elected its own officers and was not responsible in any manner to any of the named defendants. It had an ambulance, a tank truck, and a pumper truck which were used if, as, and when the need arose. The vehicles were stored in a building owned by Summit County and the Town of Kamas under an arrangement not clearly established but which may be assumed to be joint ownership. There were four stalls and an office in the building. No employees were stationed at the building, and volunteer firemen came only when summoned to duty.

Summit County provided some funds for the operation of the voluntary association but required no accounting for the money spent and received no reports of any activity of the organization. The Town of Kamas had no connection whatsoever with the voluntary fire department except that it had some ownership in the building.

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).

Six of the 23 volunteer firemen were members of the Kamas Valley Lions Club, a service club located in the Town of Kamas. That club constructed a float, a four-wheeled vehicle decorated for parade purposes and capable of being drawn by a truck or car. The club intended to use the float in future parades; and in order to preserve it, they asked the chief of the voluntary fire association for permission to store it in any empty stall at the firehouse. No rental was to be charged for this accommodation, and none was paid.

The plaintiff is a member of the Heber Valley Lions Club, located in the Town of Heber in an adjoining county. The officers of this club paid to the Kamas Valley Lions Club the sum of $50 for the use of the float to be used in a parade in Heber. No officer of either of the defendants knew anything at all about the arrangement made by the two clubs, nor did the chief of the volunteer fire association know anything about it or give permission for the removal of the float.

The plaintiff was directed by the officers of his club to go to Kamas and get the float. He took his two children with him, entered the office, passed through the stall wherein the float was stored, and walked into the one where the pumper truck was located. While there, he slipped and fell, sustaining personal injuries which are the basis of this action.

There was believable testimony that the plaintiff went into the pumper stall to show his children the fire engine. There was a preponderance of the evidence that the defendant slipped in a thin layer of water on the cement floor and that had he looked, he would have seen it.

There was no evidence of any negligence on the part of anybody in permitting the water to be on the floor. There was evidence that all pumpers drain water after use and refill and that wet fire hoses continue to drain for some time after use.

The trial judge was concerned about any legal theory upon which the defendants could be held liable even if it had been shown that there was negligence, and we share that same concern. At best, plaintiff was a mere licensee in entering the stall to get the float. He was a trespasser in the stall where the pumper was stored.

The plaintiff contends that the duty which a landowner owes to others should be the same whether the other be a guest, business invitee, licensee, or trespasser, to wit: reasonable care under the circumstances.

We do not agree with this contention. We think a landlord fulfills his duty to a guest or licensee when he refrains from wilfully causing injuries to the guest or licensee or from permitting conditions to exist from which he reasonably

should foresee that injury might result.[2] He owes no duties to a trespasser other than to refrain from wilfully inflicting injuries upon him. Intruders who come upon the land of another without his approval have no right to demand that the landowner provide them a safe place to trespass. They must assume the risks incident to the property as used by the landlord and are expected to look out for themselves.[3]

We conclude that the trial court would have been justified in believing that none of the defendants was chargeable with the arrangements made by the Kamas Valley Lions Club with the voluntary fire department or with the arrangements between the two service clubs; that no one was negligent in permitting water to be under and around the pumper truck; and that no one owed any duty to the plaintiff to keep that particular stall dry. He also could have found the plaintiff to be contributorily negligent. His order dismissing the complaint is amply sustained by the evidence and is hereby affirmed. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.

2. Wood v. Wood, 8 Utah 2d 279, 333 P. 2d 630 (1959).

3. Prosser, Law of Torts, Hornbook Series (3d Ed.), Sec. 58.